HARRINGTON vs. THE WORKINGMEN'S BENEVOLENT ASSO-
CIATION.

The by-laws of a benevolent association provided that a member in
good standing should be entitled to six dollars per week during the
period of his sickness, not exceeding eight weeks; that no claim
should be considered before eight days from the date of said sick-
ness, and no benefits should be paid outside of Savannah; that.
sickness from drunkenness or debauchery should not entitle a.
member to any benefits, " and no claim for benefit will be received
or acted on, except through the sick committee and furnishing a
doctor's certificate;" that twelve members should be appointed
annually by the president as a grievance committee, with power to
try all complaints brought to their notice, from whose decision
there should be no appeal:

*Held,* that such by-laws were not contrary to law, and a member
could only avail himself of the rights to be enjoyed in the way and
manner provided by such rules. A prerequisite to receiving
benefits was the furnishing of a doctor's certificate to the sick com-
mittee; and the mere exhibition of such a certificate to a member
of that committee was insufficient.

(a.) Whether or not a member of the association, by his obligations
as such, waived his right to appeal to the courts for the collection
of the dues claimed, it is not necessary to decide.

April 24, 1883.

Corporations. Actions. Contracts. Before Judge
TOMPKINS. Chatham Superior Court. June Term, 1882.

Reported in the decision.

A. P. ADAMS; S. B. ADAMS, by brief, for plaintiff in
error.

R. R. RICHARDS, for defendant.

CRAWFORD, Justice.

This suit was brought by the plaintiff in error against
the Workingmen's Benevolent Association at Savannah, in
a justice's court, for the recovery of the sum of $36.00,
which he claimed to be due him for six weeks' sick benefits,
under the rules and regulations of the said association.

The justice of the peace gave judgment for the defendant; the plaintiff carried the case to the superior court by *certiorari*, where, on the hearing, the judgment of the justice was sustained, and the *certiorari* dismissed. This judgment of dismissal is the error complained of. The question made for adjudication by this suit is, whether or not the plaintiff is entitled to recover the sum sued for, under sections 6 and 7 of article 1 of the by-laws of the said association, which are as follows:

"Sec. 6. Any member, in good standing, according to the constitution and by-laws, shall be entitled to the sum of six dollars per week during the period of his sickness, provided said sickness does not exceed eight weeks; and no claim for benefit shall be considered before eight days from the date of said sickness; and no benefits paid to any member outside of the port of Savannah.

"Sec. 7. Any member applying for sick benefit, whose sickness has been caused by drunkenness or debauchery, shall not be entitled to the same; and no claim for benefit will be received or acted on except through the sick committee, and furnishing a doctor's certificate."

These sections show exactly what is necessary to entitle a member to the payment of his sick dues. Their requirements are just and reasonable, violating no law either moral or statutory, and being adopted and agreed to by the members, must be complied with, to secure the benefits arising from the connection with this association. By these it has been seen that no claim for benefit is to be received, or acted on except through the sick committee, and upon furnishing a doctor's certificate.

In the present case, this was not done, as required; the initiative must be taken by the sick member, if he desires the weekly benefits; he must furnish a doctor's certificate to the sick committee; and through that committee alone, fortified with this certificate, can he reach the treasury of the association. It is doubtless the security it demands to protect itself against unauthorized payments to un-

worthy members; but the purpose is immaterial; so long as it is the law of their corporation it must be complied with, before any payment can be claimed.

If, however, the sick committee were in error, as is urged, and did him a wrong, there was a further provision for the protection of members against such wrong. By section 20 of the by-laws of the association it is provided: "There shall be appointed by the president, at the annual meeting, twelve members, as a grievance committee, who shall have power to try all complaints brought to their notice; and there shall be no appeal against their decision."

Among the objects of the organization of this benevolent association, it is evident that the mutual aid to be rendered to the members thereof by the observance of self-imposed duties and obligations was among the most important. It was to be a brotherhood of workingmen; governed, managed and controlled by its own membership, under its own laws, without extrinsic compulsion. Its operations for the execution of its benevolent designs were to be internal, and by persons of its own appointment; provision was made to accomplish all the ends in view; there was nothing in any of its laws prohibited by statute or constitution; hence, whosoever became a member, could only avail himself of the rights to be enjoyed in that way and manner provided by its own rules. The idea, therefore, of appealing to the state courts, appears to be inconsistent with all the ends aimed at, as well as all the obligations assumed. At all events, we hold that, under the by-laws above set forth, before the plaintiff below would be entitled to recover the amount claimed as sick dues, he must exhaust all the remedies given him by the association. This was a part of the contract under which he was received as a member, and to which he agreed, that he might become a member. That he had a doctor's certificate, and that he may have shown it to a member of the sick committee, was not sufficient; it was to be furnished to that committee,—whether for the evidence necessary for their

action, or as a voucher, is immaterial; that was the law. Even had this been done in strict accordance with the rule, and payment had been refused, then such refusal would have been a grievance, of which he would have had just cause of complaint, and to the grievance committee, he then should have submitted that complaint, that it might have been corrected. But failing in these requirements and bringing his suit in the courts is, to say the least of it, premature.

Whether or not he has, by his obligations as a member of this association, waived his right to appeal to the courts for the collection of the dues claimed, it is not necessary here to decide.

Judgment affirmed.