## Women's Catholic Order of Foresters v. People ex rel. Minnie Keefe.

1. BENEFICIARY ASSOCIATIONS—*Members Must Exhaust Remedies Afforded, Before an Appeal to the Courts.*—A person having been expelled from membership in a beneficiary association must exhaust all remedies for his restoration provided for in the charter and by-laws of the order before he can appeal to the courts.

**Mandamus.**—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1895. Reversed, etc. Opinion filed June 24, 1895.

JOHN D. CASEY, attorney for appellant.

P. J. O'SHEA, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
Minnie Keefe filed a petition for a mandamus to compel the appellant to restore her to membership in itself, from which she alleged she had been expelled without a regular trial. Her petition made the constitution and by-laws of the superior and subordinate bodies composing the order an exhibit to, and part of, her petition. Whether that is a permissible mode of pleading at law we will not consider. In ordinary actions it is not. Hart v. Tolman, 1 Gilm. 1.

But as the petition without the exhibit is quite insufficient in its statements, and, with the exhibit, shows that the petitioner had the right of appeal for redress within the order— which right she had not pursued—the demurrer to the petition should have been sustained. She must exhaust her

remedy in the order before she can appeal to the courts, either for reinstatement or damages for the expulsion. Blumenfeldt v. Korschuck, 43 Ill. App. 434. (By some blunder 129 Mass. is there cited as 129 Ill.) Screwmen's Ben. Ass'n v. Benson, 76 Texas 552.

The judgment in her favor is reversed, with directions to sustain the demurrer and dismiss the petition at her costs.