## The People ex rel. William Mayer v. Charles H. Donnelly.

1. MANDAMUS—*Practice—Insufficient Petition.*—Where a petition for a mandamus to compel a judge to sign a bill of exceptions shows that no such bill of exceptions was presented to the judge as could have been of any use to the petitioner, a demurrer will be sustained.

Mandamus.—Original suit in this court. Demurrer to petition. Heard at the March term, 1895. Demurrer sustained. Opinion filed June 24, 1895.

BUCKLEY, GREY & MOORE, attorneys for petitioner.

CRATTY BROS., MACLAREN, JARVIS & CLEVELAND, attorneys for defendant.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The petition shows that on December 28, 1894, the respondent, then county judge of McHenry county, was presiding in the County Court of Cook County. That in the matter of voluntary assignment proceedings of the Globe News Ink Company, insolvent, a certain order was then entered in said court, in said proceedings, denying all but a small part of the relief which the relator presented in said proceedings, and thirty days were given to the petitioner in which to file a bill of exceptions.

That January 24, 1895, the petitioner presented his bill of exceptions, which, as the petitioner alleges, the respondent refused to sign unless the order entered was copied into the bill, which counsel for the petitioner refused. The petitioner makes a copy of the bill an exhibit, and alleges that the petitioner has sued out of this court a writ of error to reverse the order so entered.

The respondent demurs.

A plausible reason for the refusal of the respondent to sign the bill unless the order was copied into it, is found in the fact that the bill purported to state the substance of

the order, and the respondent may have preferred that his order should be copied, rather than certify the truth of any statement of its substance; but for the refusal of counsel to copy the order, we can conjecture no plausible reason. The petition prays a writ of mandamus commanding the respondent "forthwith to sign said bill of exceptions."

The alleged copy attached to the petition is so bunglingly put together and so defective in identifying documents introduced as evidence, that if it be a true copy, the bill could be of no service to the petitioner. Spangenberg v. Charles, 44 Ill. App. 526, has been followed here often.

On the question of pleading, one ground of the demurrer is that the exhibit is not incorporated into the petition. We have waived a consideration of that question in Woman's Catholic Order of Foresters v. Keefe, 59 Ill. App. 390, and as the objection may be removed by amendment, will do the same in this case. The main question between the parties as to the appellate jurisdiction of this court over the County Court, we have solved for ourselves in accordance with the maxim, *boni judicis est ampliare jurisdictionem*, in Union Nat. Bk. v. Browne-Chapin Lumber Co., 59 Ill. App. 423.

The demurrer to the petition is sustained upon the ground, specifically, that even if the exhibit is to be treated on this demurrer as part of the petition, it shows no such bill of exceptions presented to the judge as could have been of any use to the petitioner. Whether—if we should ultimately hold that the respondent was right as to what should go into the bill—the petitioner has lost his opportunity to have a bill of exceptions, is not now decided.

The demurrer is sustained, and unless within five days after this opinion is filed the petitioner applies for leave to amend his petition, it will be dismissed.