## Grand Lodge Knights of Pythias, Jurisdiction of Illinois, v. People of State of Illinois ex rel. Waldeck Lodge No. 136 Knights of Pythias.

1. VOLUNTARY ASSOCIATIONS—*Jurisdiction of the Courts.*—It is only in respect to civil or property rights in or growing out of voluntary associations, that an appeal to the courts can be had. Upon questions of doctrine and policy, the society is the sole and exclusive judge.

2. BENEFICIARY ASSOCIATION—*Members must Exhaust Remedies afforded by the By-laws Before Appealing to the Courts.*—Before a subordinate lodge, aggrieved by the action of the grand lodge of a beneficiary association (the Knights of Pythias) can appeal to the courts, it must exhaust all the remedies provided by the constitution and rules of the association of whose action it complains.

Petition for Mandamus.—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded with directions. Opinion filed December 2, 1895.

C. E. & G. D. ANTHONY and ELLIOTT ANTHONY, attorneys for appellant, contended that one who becomes a member of such an organization is chargeable with knowledge of its rules and laws and is bound by them. He can not be ignorant of them, nor can he refuse obedience to them unless, indeed, they are illegal, or require the performance of acts which the law forbids. The reason of the rule is that by becoming a member one impliedly agrees to be bound by all legal acts of the majority under the compact Articles of Association. Rouer v. Sampson, 102 Ind. 263; Bacon on Ben. Soc., 81; Magley v. Grand Lodge, 131 Ill. 498; A. O. U. W. v. Jesse, 50 Ill. App. 101.

A judgment of the grand tribunal, conclusive upon the subordinate lodge, is certainly not a void judgment, because no judgment is void where the court has jurisdiction of the person and subject-matter. Ex parte Watkins, 3 Pet. 183; Windsor v. McVeigh, 93 U. S. 274; Garnett v. Williams, 20 Wall. 250; U. S. v. Arredondo, 6 Pet..709; Bush v. Hanson, 70 Ill. 480; Kelley v. People, 115 Ill. 589.

The court can not, by the laws of this State or the laws of the order of the Knights of Pythias, either revise this judgment or modify it, or set it aside; because, first, the tribunal was one of the relator's own choosing; and second, the judgment which is rendered is absolutely conclusive upon the relator in this case and can not be attacked collaterally by a writ of mandamus. Pitcher v. Board of Trade, 121 Ill. 420; A. O. U. W. v. Jesse, 50 Ill. App. 105; People v. Dental Examiners, 110 Ill. 185; Kelley v. The City of Chi-

cago, 62 Ill. 279; Chase v. Cheney, 58 Ill. 531; Van Fleet's Collateral Attack, 14.

Proceedings in orders of this kind had in substantial compliance with their laws, and judgments rendered therein in good faith, are final, and the merits of the proceedings can not be inquired into. Dolan v. Court of Good Samaritan, 128 Mass. 427; Black and White South L. v. Van Dyke, 2 Whart. 208; Toran v. Howard Association, 4 Pa. St. 519; Anacosta Tribe of Red Men v. Murbock, 13 Md. 191; Grosvenor v. U. S. of Belliver, 118 Ind. 78; White v. Browell, 2 Daly, 329; Benton v. St. George Society, 28 Mich. 361.

The judgment of a proper tribunal of a society against a member on charges which, by its constitution and by-laws, it was authorized to investigate and act upon, will not be inquired into by the court on the weight or competency of the evidence introduced to sustain the charges. The only question which will be examined is such as relates to fraud or collusion and want of jurisdiction. Spillman v. Supreme Council, 157 Mass. 128; Grosvenor v. Society, 118 Mass. 78; Soc. v. Commonwealth, 52 Pa. St. 125; Gray v. Society, 137 Mass. 329; Burbank v. Association, 144 Mass. 434; Connolly v. Association, 58 Conn. 552; Com. v. Society, 15 Pa. St. 251; Pitcher v. Board of Trade, 121 Ill. 412; Baxter v. Board of Trade, 83 Ill. 146; Fisher v. Board of Trade, 80 Ill. 85; North v. Trustees of the University of Ill., 137 Ill. 303; Chase v. Cheney, 58 Ill. 511; Merrill on Mandamus, Sec. 275; Ex parte Hoyt, 13 Pet. 290.

Hirschl, in his work on the Law of Fraternities and Societies, p. 54–55, says:

" If a member is expelled the courts will not review the merits of the case, but will consider the society as the sole judge. It was declared an offense for a member to be engaged in his usual business or " occupation " while drawing the benefits accruing during sickness. The plaintiff, while too sick to work, painted the handle to the gate at his home; being expelled for this, he was reinstated by the trial court, but the Supreme Court reversed the decision, saying : " The society acted judicially, and its sentence is conclusive like

that of any other judicial tribunal;" citing Commonwealth v. Pike Beneficial Society, 8 W. & S. (Pa.) 250; also Black v. Vandyke, 2 Wharton 309; Burt v. Grand Lodge F. & A. M., 44 Mich. 208; Robinson v. Yates City Lodge, 86 Ill. 588; see also High on Extraordinary Remedies, Sec. 292; Besley v. Chicago Journeyman Plumbers' Ass'n, 44 Ill. App. 283; Commonwealth v. St. Patrick Ben. Soc., 2 Binn. 441; People ex rel. v. McCormick et al., 106 Ill. 184; People ex rel. v. Dental Examiners, 110 Ill. 185; Freeman v. Selectmen, 34 Conn. 406; Hoole v. Kinkead, 17 Nev. 217; Bailey v. Evart, 52 Iowa 111; Berryman v. Perkins, 55 Cal. 482; People v. Contracting Board, 27 N. Y. 378; People ex rel. v. Knickerbocker, 114 Ill. 547; Kuns v. Robertson, 154 Ill. 413; Hemphill et al. v. Collins, 117 Ill. 398.

It is a general rule, and well settled, that whenever any corporation is provided by those acting with authority in any organization with tribunals, he must appeal to such tribunals provided by such organization and exhaust his remedy therein before applying to the civil tribunals. Merrill on Mandamus, Sec. 168; Crocker v. Old South Soc., 106 Mass. 489; Poultney v. Backman, 31 Hun 49; Oliver v. Warren, 144 Mass. 175; Karcher v. Knights of Honor, 137 Mass. 368; Chamberlain v. Lincoln et al., 129 Mass. 71; Jeane v. Grand Lodge A. O. U. W., 30 Atl. Rep. 70.

The decided weight of authority is that a member of a mutual benefit society must resort for the correction of an alleged wrong done him as such member to the tribunal of the society, and when the proceedings are regular, the action of the society is conclusive and can not be inquired into collaterally. State v. Henry Clay Lodge, K. of P., 22 Atl. Rep. 63; Niblack on Benefit Societies, Sec. 111, p. 214; People ex rel. Keefe v. Woman's Cath. Order Foresters, 59 Ill. App. 390.

C. D. MYERS, of counsel.

VOCKE & HEALY, attorneys for appellees, contended that mandamus is the only remedy to compel a corporation to admit an illegally expelled member to all rights of member-

ship.   People v. Medical Society, 32 N. Y. 186, approvingly cited in Pitcher v. Board of Trade, 20 Ill. App. 319.

Those who were members of the society could not lawfully be. expelled for antecedent deviation from the code. Fawcett v. Charles, 13 Wend. 477.

As relator has demanded admission to the enjoyment of a franchise to which he was presumptively entitled, his exclusion could be justified only by facts repelling the presumption that he was duly qualified for admission or showing that if his application were granted, there were subsisting causes, making a clear case for immediate expulsion. Ex parte Paine, 1 Hill 665.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This proceeding arose out of an attempt by appellant to compel the use of the English language in the ritual and work of the Knights of Pythias.

This appeal is from an order of the Superior Court awarding a peremptory writ of mandamus against appellant.

The relator, a lodge of the Knights of Pythias, incorporated under the laws of the State of Illinois, sought to compel the Grand Lodge of said order, another body also incorporated under the laws of Illinois, to recognize the relator as in good standing in said order, to affiliate with and give to it the secret passwords in use in said order, and extend to it all the " legal " rights and privileges of the order.

The contest is between two distinct, although affiliated corporations.   What is complained of in the petition is not that the relator has been or is about to be improperly expelled from a corporation of which it is a member, but that the parent body to which it is closely related, is refusing to continue the intercourse that has existed, and has attempted to sever all the ties binding them together.

The Knights of Pythias is a voluntary organization.   No one is compelled to be a member thereof.   The relation between these two corporations is also voluntary; if the rela-

tor, because of any uncalled-for, unjust or unkind changes in the laws of the supreme body, desires to withdraw its connection with the respondent, it can not be compelled to continue an association and relation that has become distasteful. So, too, if the respondent desires no longer to associate with the relator, it can not be driven to the continuance of intercourse which it does not care for.

If, by reason of anything done in the past, contracts of which the law will take note, exist between these corporations, neither can, at its pleasure, abrogate such agreements.

But these contracts, if they are to be enforced by the courts, must be concerning something about which courts can be moved to action.

It is not claimed that any civil right has been denied the relator; it does urge that it is being, by the respondent, denied valuable property rights. If this be so, it is in some forum in some way entitled to relief at the hands of the judicial tribunals of the land.

As to voluntary organizations, it is only in respect to civil or property rights in or growing out of them, that an appeal to the courts of the country can be had. Upon questions of doctrine and policy, the society is the sole and exclusive judge. Niblack on Benefit Societies, Sec. 113–132; People ex rel. Masonic Benefit Association, 98 Ill. 635; Tartar v. Gibbs, 24 Md. 323. What property rights has the relator which the court, by the writ of mandamus, is called upon to command the respondent to give to the petitioner?

The grand lodge, the respondent, can not deprive the relator of its charter received from the State. The petitioner is, and, for aught that the respondent can do, will remain, an incorporated body.

In its petition the relator sets forth that at the time of its admission into said order, it was required to pay, and did pay "the sum of $30 for its charter, and the further sum of $74 for various other purposes;" "and that it was required to and did pay the further sum of $129 for the paraphernalia used by its officers and members at its meetings, in the performance of its secret work incumbent

upon it under the laws of the supreme and grand lodges."
Also that it is required to pay to the grand lodge a *per
cnpita* tax of twenty-five cents per annum for each member;
that this has regularly been paid, the amount in all, so paid,
being $336. These sums, with the exception of that paid
for paraphernalia, appear to have been paid for admission
fees, expenses and annual dues; there is no allegation that
they are yet in the treasury of the order, or now exist as
property in which the relator has an interest. The para-
phernalia it presumably has on hand, and it does not appear
that it is in danger of being deprived of the same.

It alleges that all its pecuniary interests depend upon its
being recognized by the central bodies as a member of the
order, and receiving from the same the secret password.

This is the pleading of a conclusion; what the pecuniary
interests are is not set forth. It also sets forth : " That by
virtue of its constitution and by-laws it has ever since its
organization maintained a sick relief fund for the benefit of its
sick and disabled members, from which fund such sick and
disabled members are entitled to receive the sum of $5 per
week each, during the time of their sickness or disability;
that said fund is established and augmented solely from the
regular yearly contributions of all of its members, of $6
per annum of each member, and that said contributions are
made by its members in consideration of the benefits to
them as members of said order."

This fund, or so much of it, if any, as is now in existence,
appears to be in its possession, and no danger of its loss is
apparent.

The relator itself is not a Knight of Pythias. Corpora-
tions do not become members of the order; it is merely an
instrumentality through which the work of the order is car-
ried on. The relator also sets forth : " That there has
been established and maintained by said order what is called
the Endowment Rank, to which only members of said order
in good standing and attached to a subordinate lodge of
said order may belong, which has for its object to secure to
the survivors of a deceased member the payment of a mor-

tuary benefit amounting to from $1,000 to $5,000, which may be applied for by such member in his lifetime; that petitioner's lodge is at the present time composed of 101 members; that of these members twenty-eight are also members of said rank; that their legal rights, as well as of those persons for whose benefit they may have attached themselves to said rank, require that petitioner be duly recognized by said central bodies as in good standing in said order, and that it receive from said central order the secret password used by said order, to be imparted to all its members for identification, otherwise the members of petitioner's lodge will leave the same and endanger its existence."

It does not appear from this that the relator has any property interest in this mortuary benefit; nor is it alleged that it holds or acts as a trustee for any one entitled to such benefit; neither is it shown that any of the twenty-eight members who are said to be also members of such endowment rank, have any property or pecuniary interest by virtue thereof; the only allegation is that the endowment rank has for "its object" the securing to the "survivors" of a deceased member the payment of a mortuary benefit amounting to from $1,000 to $5,000, "which may be applied for" by such member in his lifetime. This is not a pleading that any such member has now a pecuniary interest or property in anything.

The relator also sets forth : "That it is the owner of a large amount of valuable property accumulated from membership dues, and now worth about $1,000, and that said grand lodge has no right or interest in the same, but unlawfully and arbitrarily seeks to seize and confiscate said property and deprive it of its use; that said property is held by it as a charitable fund for the benefit of sick and disabled members and other benevolent purposes, and the attempt to seize said property is a fraud on its legal rights."

Here is an allegation of the ownership of property in its possession, which it is said the respondent unlawfully seeks to seize and confiscate; but nothing is shown affording ground for this proceeding.

Neither a corporation nor an individual can have a writ of mandamus commanding a respondent not to seize or confiscate property in the possession of the relator. The respondent can not seize or confiscate this property save by the consent of the relator or by virtue of the ordinary process of the courts of the land in a proceeding in which the relator will have ample opportunity to defend and maintain its right to such property.

It appears that the rules and regulations of the order provide a tribunal wherein all complaints as to matters of the kind mentioned in this petition may be heard.

A hearing as to such matters has been had in the first or trial court, with a result adverse to the relator, from which judgment it has taken means to prosecute an appeal to an appellate court provided by the laws of the body. Such appeal has not yet been heard. The relator does not seem to have availed itself of, or exhausted all the remedies provided by the constitution and rules of the body of whose action it complains—a thing it is bound to do ere it call for the interposition of the courts of the land. Niblack on Benefit Societies, Sec. 111, p. 214; People ex rel. Keefe v. Woman's Cath. Order Foresters, 59 Ill. App. 390.

Its resort, under these circumstances, to an action of mandamus, it endeavors to excuse upon the ground that the respondent, without waiting for the relator to obtain the decision of the supreme tribunal, is proceeding to refuse to affiliate with or recognize the relator as one of the instrumentalities of the order.

The laws of the order do not provide that an application to its supreme tribunal to review the action of an inferior court shall operate as a supersedeas, or that meantime action upon the matters in litigation shall be suspended.

In view of the fact that the communication of the secret password of the order, other than to its members and in the manner provided by its rules, is one of the highest offenses that can be committed by a member, and would tend to the disruption of the order, and in view, also, of the allegation made by the petitioner, that its "rituals contain much

of the secret work of the order; that petitioner and all members of said order are under a solemn pledge not to divulge to any person not a member, any part of said secret work, and it is not in a position to bring into court a copy of said ritual," it is difficult to see how the court below is to know when its mandate had been obeyed, or is to enforce the order made by it, "that the respondent treat and respect the relator as a subordinate lodge of the order of Knights of Pythias under its jurisdiction, in good standing, and as such, extend to it all the legal rights and privileges which are now, or may hereafter be, accorded by said order to any and all of its subordinate lodges in the State of Illinois by virtue of their membership in said order; and in particular, that the respondent issue to, and make known to it the secret password now in use by the officers of the Knights of Pythias, and which may hereafter, from time to time, be adopted by said order and communicated to the said grand lodge to be made known to its members, so long as said relator shall retain its relation as a member of said order," without an interference with the affairs of this voluntary organization which must result in bruiting abroad all its cherished secrets, making common its noble ritual, and all that privacy and secrecy which is essential to its existence. The answer of the respondent was such that the demurrer thereto should have been overruled.

The judgment of the Superior Court is reversed and the cause remanded to the Superior Court, with directions to overrule the demurrer to the answer, and dismiss the petition at the costs of the relator.    Reversed and remanded with directions.