# Lizzie Croak v. High Court of the Independent Order of Foresters.

1. Beneficiary Associations—*Members Bound by the Rules.*—Persons who become members of beneficiary associations, are, as to their rights therein, bound by the rules and regulations of the association.

2. Same—*Remedies of the Members.*—Members of such associations must appeal to the tribunals provided by the order for the redress of their grievances, before they can resort to the courts of the land.

3. Same—*Judgments of Their Tribunals Not to be Inquired into Collaterally.*—When the tribunal of such an association proceeds in accordance with its own rules, they being not contrary to public policy or the law of the State, and the procedure not repugnant to natural justice, the merits of its judgment will not be inquired into collaterally.

Assumpsit, on a beneficiary certificate.—Appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

## Statement of the Case.

This was an action brought by Mrs. Lizzie Croak against the High Court of the Independent Order of Foresters of Illinois to recover $1,000, the amount of an endowment certificate issued to her husband, Philip Croak, on April 21, 1883, the certificate being payable to Mrs. Lizzie Croak.

On the 20th day of July, 1885, charges, with specifications, were preferred against Philip Croak by a member of the subordinate court, Progress No. 34, to which Croak belonged, and a trial committee of seven appointed by the subordinate court to try Croak upon these charges and specifications.

On the 7th day of September, 1885, at a regular meeting of the subordinate court, the trial committee reported the proceedings taken before it on the charges and specifications, the evidence taken before the committee, together with the finding of the committee. On motion, the report of the trial committee was adopted and a vote taken on the form of punishment, which resulted in favor of expulsion,

and the presiding officer of the subordinate court declared
Philip Croak expelled from the order.   An appeal was taken
from this order of expulsion by Philip Croak to the high
board of directors, the intermediate appellate tribunal of the
order, the ground of said appeal being that he had not re-
ceived notice of the meetings of the trial committee, that
the charges and specifications were never served upon him,
and that he had a good and complete defense to all the
charges and specifications, and desired an opportunity of
offering evidence in his defense.

On the 29th day of January, 1886, the high board of
directors having considered said appeal, found that "the
record of the proceedings show that notice had been sent to
his last known address three times," and overruled the ap-
peal and affirmed the judgment of the subordinate court.
From this no appeal was taken to the high court, or the
court of last resort in the order.

Philip Croak paid all his dues and assessments up to the
time of his expulsion, and no dues or assessments were
demanded of him by the order from the time of his expul-
sion until his death, which occurred June 6, 1887.

F. A. WILLOUGHBY- and R. A. BURTON, attorneys for
appellant.

A. E. CASE and LAWRENCE P. BOYLE, attorneys for
appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE
COURT.

No one is compelled to belong to such a society as the
appellee.   Those who do become members are, as to their
rights therein and thereunder, bound by the rules and regu-
lations of such bodies, and if they have any grievance
because of the failure of the society to observe its rules and
regulations, to the tribunals provided by the order, if any,
for the redress of grievance, must they appeal before they
can resort for redress to the courts of the land.   If the laws
of such society provide for an appeal from the first court

before which members may be heard, one aggrieved by the decision of such first court must prosecute an appeal to the highest tribunal of the body; in other words, must exhaust his remedy within and through the tribunals provided by the law of the society. Niblack on Benefit Societies, Sec. 111; Woman's Cath. Order Foresters v. People ex rel., 59 Ill. App. 390; Grand Lodge Knights of Pythias v. The People ex rel., Oct. term, 1895, Ill. App.; Otto v. Union, 75 Cal. 308–314; Karcher v. Supreme Lodge Knights of Honor, 137 Mass. 368.

Where the tribunal of a voluntary society proceeds regularly, that is, in accordance with its own rules, they being not contrary to public policy or the law of the land, and the procedure not being *mala fides*, or repugnant to natural justice, the merits of a judgment thus rendered will not be inquired into collaterally. Nelson v. Board of Trade, 58 Ill. App. 399, 412–414.

The charges made against the expelled members were such as its laws provided might be made, and upon proof of the truth of which he might be expelled; that he had notice of, that is, actually knew of the proceedings against him, and appealed therefrom, is undisputed.

The tribunal can not be said to have acted in bad faith, nor were its proceedings in disregard of its own rules, or repugnant to the law of the land. The deceased member failed to prosecute his appeal to the highest tribunal provided by the law of the order, preferring, it would seem, rather to rest under the judgment of expulsion, affirmed, as it was, by the higher court to which he did appeal.

The judgment of the Circuit Court is affirmed.