GRAND LODGE, KNIGHTS OF PYTHIAS OF FLORIDA, SUBORDINATE TO THE SUPREME LODGE OF THE KNIGHTS OF PYTHIAS OF NORTH AMERICA, SOUTH AMERICA, EUROPE, ASIA, AFRICA AND AUSTRALIA, A CORPORATION, *Plaintiff in Error*, v. DENNIS TAYLOR, *Defendant in Error*.

Opinion Filed April 5, 1920.

1. No cause of action arises in favor of a member of a voluntary beneficial society because such member is expelled from membership in accordance with the rules and regulations of the lodge.

2. Civil courts will take cognizance of cases arising from the wrongful expulsion from membership of a member of a voluntary beneficial organization when property rights of the expelled member are involved.

3.  With the social relations of voluntary beneficial societies the courts will not interfere. Upon questions of doctrine and policy and the conditions and qualifications of membership the society is the sole and exclusive judge.

4.  Where a member of a voluntary beneficial society who by reason of his membership in such society and as an incident thereto has acquired a property right such as interest in property owned by the organization, or is the owner and holder of an endowment policy or sick and death benefit insurance certificate and such member is wrongfully expelled from membership in the society and has exhausted all remedies provided by the laws of his society for redress of his grievances and been denied relief, he may then resort to the civil courts for his remedy.

5.  A rule or by-law of a voluntary beneficial organization which requires its members to seek redress in the tribunals of the order before appealing to the civil courts, is not void as an attempt to oust the civil courts of their jurisdiction where the by-law relates to the discipline of the member or the internal economy of the order.

A Writ of Error to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Judgment reversed.

*N. P. Bryan* and *S. D. McGill,* for Plaintiff in Error.

*John E. Hartridge,* for Defendant in Error.

ELLIS, J.—Dennis Taylor brought an action in Duval County against the "Grand Lodge, Knights of Pythias of Florida, subordinate to the Supreme Lodge, Knights of Pythias of North America, South America, Europe, Asia, Africa and Australia, a corporation," and claimed damages because as he alleged he became a member of "de-

fendant's" order by initiation into one of the "subordinate lodges" named "J. C. Gibbs Lodge No. 13, Knights of Pythias," etc., in Duval County, and that the defendant unlawfully, wrongfully, tortiously and maliciously "suspended and ousted" as amended "expelled" (in the third count the word "suspended" is used in place of the word "expelled") him from membership in the subordinate lodge and the order generally, thereby damaging him in his good name, etc. Through several amendments to the original declaration the case was at last stated in a declaration of three counts.

It is alleged in substance in all the counts that the plaintiff became a member of the defendant order in the manner above stated; that the defendant is a beneficial and social organization and the subordinate lodge of which plaintiff was a member is governed by the constitution and laws of the Grand Lodge of Florida, the defendant; that the plaintiff carried an endowment policy issued to him by the defendant, that he paid all premiums and charges thereon required, and all assessments levied on him as a member of the defendant order, and that he complied with all laws and requirements and that he tried to promote the good of the order, never disturbed its peace and harmony, nor violated its laws or constitutional provisions, nor has he been charged with any offense against the order's laws, regulations or constitutional provisions.

It is also alleged that the members of the above named subordinate lodge are the owners in fee of a lot of land described in the declaration as being located in the city of Jacksonville and worth about $30,000.00; that by reason of the plaintiff's membership in the subordinate lodge he has an interest in the property which he avers to

be worth $10,000.00; that the Grand Lodge owns a lot in the city of the value of $10,000.00, and that by reason of his membership in the "order and in the said defendant Grand Lodge" the plaintiff has an interest in that property of the value of $2,000.00.

The last amendment to the declaration which was the third amendment alleged that as a member of the subordinate lodge the plaintiff with other members of the lodge "acquired" and became possessed and seized in fee simple for a good and valuable consideration of one-half of the property" first above mentioned, that he paid money toward its purchase and upon a mortgage on the property and paid out of his "personal money" toward the erection of the brick building on the lot and personally labored in the erection of the structure without compensation, and that he has invested large sums of money on the property; that while he was a member of the Grand Lodge the defendant bought for the "members of the said society" the lot next mentioned above and that the plaintiff paid money to the defendant which was applied to the purchase of the same; that he has been assessed by the defendant and money demanded of him to apply on the payment of the property, and that he paid the same.

In the first count of the declaration it is alleged that the wrong was committed on November 6th, 1914, by the defendant wrongfully, unlawfully, tortiously and maliciously expelling the plaintiff from membership in the subordinate lodge and from the defendant order and from co-fellowship with his brothers in the order; that the defendant has refused to reinstate him to membership in his lodge and to the order generally, and that he has been refused redress in the order for the injury inflicted

upon him; that he has applied for redress and the same has been denied.

The second count alleges the wrong to have been committed in the same way, by suspending the plaintiff from membership, at the same time.

The third count alleges the wrong to have been committed at the same time by the defendant by suspending the plaintiff from membership in the subordinate lodge and from the order, etc., through the Chancellor Commander, the presiding officer of the subordinate lodge, by ordering that officer to direct the plaintiff to leave the lodge room, "where the plaintiff had come as was his right, and the plaintiff was compelled to obey the said order and leave." That he then and there tendered his dues to the lodge, but he was not permitted to pay anything into the lodge from that time, and afterwards, and he was then informed by the said officer that the plaintiff "was ordered suspended by the defendant," and that no dues of any kind were to be received from him; that from that time he has not been permitted to enter his lodge, nor the order generally, nor to enjoy the right of his interest in the property; that the defendant has refused to reinstate him to membership, he has been refused redress for the injury inflicted, although he has applied for redress and the same has been denied.

The consequences of this alleged wrongful injury are declared to be that the plaintiff has been damaged in his good name before his people and the people of the city of Jacksonville and the entire order of the Knights of Pythias; he has been deprived of his sick benefits, and will be deprived of his death benefits in the local lodge and the protection of his life endowment policy, and the moneys paid out by him on account of dues, charges, assess-

ments and other expenses and contributions, and has been deprived of his interest in the properties described.

Demurrers were interposed to the original declaration and to each amendment of it. No order was made upon the first demurrer, and the plaintiff obtained leave to amend. The demurrer to the declaration as amended was overruled and the defendant interposed two pleas: First, not guilty; second, a plea traversing the allegations that the plaintiff had complied with all the laws of the subordinate lodge; that the defendant disregarded the plaintiff's rights in the order with intent to injure him; that the defendant expelled him, or that he was humiliated before the people of Jacksonville or other places by reason of such expulsion; that he had been injured, and that defendant had refused to reinstate him to membership because as it was averred he had made no application to the defendant to be reinstated, and denying that redress was refused to him.

The demurrer to the second amendment to the declaration which formulated the case into a declaration of three counts was overruled. The plaintiff then by leave of the court filed his third amendment to the declaration. A demurrer to this amendment was overruled.

Thereupon the defendant interposed three pleas: First, the plea of not guilty; second, that the plaintiff was the sole cause of his own alleged injury and damage in that he refused to comply with the laws of the defendant order in not resorting to the tribunal created by the constitution and laws of the order for redress in such cases, to which laws he had obligated himself when he became a member of the order; third, that the plaintiff had not complied with the laws of the defendant order, nor had he exhausted his remedies within the order before bring-

ing his action. The plea averred that the constitution and statutes of the defendant order provides that the members of the order are forbidden to resort to civil courts until they have exhausted their remedies within the order. The plea averred that a certain clause of the defendant's constitution fixed the tribunal to which an appeal from the decision of the Grand Chancellor "or from the action of the Grand Lodge should be made." The section quoted, however, provides that the action of the subordinate lodge should be in force until action is had on appeal to the Grand Chancellor, whose action is final. That the cause, however, could be reviewed by the Grand Lodge if the member filed a record of the case ten days before the next convention of the Grand Lodge with the Grand Keeper of Records and Seal, and, should furnish the Grand Chancellor with a notice of the appeal within that time. It was averred that plaintiff had refused to appeal to the Grand Lodge for redress before bringing his action, or at any other time, etc.

The plaintiff demurred to the second and third pleas. This demurrer presented the following objections to the second plea; that it neither traversed nor confessed the allegations of the declaration and sought by indirection to avoid the alleged wrong and injury; that it was inconsistent, insensible, repugnant, argumentative and ambiguous; that it was not responsive and tends to embarrass a fair trial, and that it sets up no defense; as to the third plea the objections were that while it denied that plaintiff had complied with all the laws of the order, it based that defense upon a law of the order that showed upon its face its lack of application to the case and that the procedure set forth in such by-law was "never intended to apply to such wrongs" as those of which complaint was made; that the plea tended to confuse the issue and

to embarrass a fair trial; that it merely raised a question of law upon the facts; that the law of the order quoted in the plea has no bearing on the plaintiff's case, as it was for the government of members who were "tried in their subordinate lodges for offenses arising under the penal laws of the order" and was "intended to be observed by members who were tried in accordance with the laws of the order," and the declaration alleges that the plaintiff was never charged and tried for any offense against the order, but was expelled by the "Grand Lodge the defendant without regard" to plaintiff's rights, and that the action is brought not against the subordinate lodge, but against the Grand Lodge; that the plea is argumentative, inconsistent, repugnant and insensible, is evasive, seeks to avoid the issue and neither traverses nor confesses the alleged wrongs and injury; that the matters averred are a departure from the declaration; that the law of the order quoted in the plea is inapplicable to the plaintiff's case, that it shows that it "was never intended to apply to such wrongs" as those of which complaint is made, and "because that was not the spirit and intention of the said law; and that the plea states a mere conclusion of law."

This demurrer was sustained. The defendant then moved the court to compel the plaintiff to elect between the first count and the second and third counts of the declaration, because it was claimed that the counts were inconsistent and proof of the first disproved the second and third; that the first count and the two last taken together constitute two separate and distinct causes of acion, and that the "presence of the said counts in alleging and setting up the alleged wrongful act or acts on the part of the defendant tends to hinder, delay and embarrass and confuse a fair trial of said cause."

The plaintiff elected to proceed under the first and third counts, and the court denied the motion.

The parties went to trial, and there was a verdict and judgment for the plaintiff in the sum of five thousand dollars.

To this judgment the defendant took a writ of error.

The first three assignments of error question the correctness of the court's orders in overruling the demurrers of the defendant to the first "amendment" to the declaration; to the "amendment to the plaintiff's amended declaration," and to the "plaintiff's declaration as amended." Considering these as demurrers to the declaration as eventually completed the question is presented in the language of counsel for plaintiff in error, "whether the plaintiff has a remedy by suit for damages."

Taking the allegations of fact admitted by the demurrer, it appears that the defendant is a beneficial organization and is a corporation, that the plaintiff became a member of the organization by initiation into a subordinate lodge which is governed by the constitution and laws prescribed by the defendant, that the plaintiff paid all dues and assessments, complied with all laws, regulations and constitutional provisions of the order and subordinate lodge, that he was guilty of no violation of any law, regulation or constitutional provision of the defendant, nor was he ever charged with the commission of any offense against the laws or regulations of the order, that he was *expelled* by the defendant wrongfully as alleged in the first count, *suspended* as alleged in the third count and not permitted to enter his lodge, nor the order generally, that the defendant has refused to reinstate him to membership and to the order, that he has been refused redress for the injury, and that he has applied for redress

in the order and the same has been refused, that such unlawful expulsion or suspension of the plaintiff has resulted in depriving him of his social rights and certain property interests and injured his good name and reputation in the community and among his fellows. As to the property rights of the plaintiff it appears that he owns an endowment policy in the order and that as a member of the subordinate lodge he owned an interest in the land and building acquired by the members of that lodge, and as a member of the Grand Lodge he has an interest in the real property owned by that lodge in Jacksonville.

The expulsion of the plaintiff from membership in his society as alleged in the first count and his suspension of membership as alleged in the third count was wrongful in that it appears from the declaration to have been done without justification, excuse or authority. Counsel for defendant in error says that the "Grand Chancellor was the Lodge. His ukase was the equivalent of the papal bull descending from the Vatican." There is nothing of that sort apparent in the declaration. But if such were that officers' powers, it would be difficult to perceive how the plaintiff could rightfully be heard to complain of a decision by his leader, whom the plaintiff by his voluntary conduct in becoming a member of the society had agreed might be rendered in the exercise of such power. If the Grand Chancellor had such power then his word was the law of the order. Its members by voluntary association and agreement had established an absolute monarchy in their order, so far as subjecting their privileges as members to the unbridled will of their leader was concerned. If the organization has for its purpose no illegal object, is a mere voluntary association of people for social intercourse and moral improvement, there is no con-

ceivable objection to the agreement amongst them as to the character of their government, be it democracy or monarchy. Nor is it conceivable that any cause of action could arise in behalf of any person who having been admitted to fellowship is for any reason deemed no longer desirable, any more than in favor of one who applies for membership and is denied, unless in the former case property rights acquired by membership are affected.

In the case of Lahiff v. St. Joseph's Total Abstinence & Benevolent Society, 76 Conn. 648, 57 Atl. Rep. 692, 65 L. R. A. 92, the plaintiff's right of action was sustained because "he was deprived of his interest in the defendant's property and of the rights and privileges of membership in the society," and because of the "mental distress suffered by him on account of the indignity put upon him." In that case the plaintiff was unlawfully expelled, no charges being preferred and no opportunity to be heard given him. The court said that he had the right to abandon all claims to reinstatement in the society and resort to an action for damages for the "injury sustained by reason of the illegal expulsion." In so far as the case is cited as authority for the proposition that an expelled member of a voluntary beneficial society may have his action for damages for a wrongful expulsion of him from membership because of injury to his good name and reputation and mental distress suffered on account of the indignity put upon him, it is in our opinion not of compelling influence. The question of the jurisdiction of the courts to regulate the conduct of individuals associated for social or religious purpose and the power to take cognizance of controversies arising out of the relations existing between such associations and their members is not discussed.

Our view is that the ground of interference by the civil courts in cases where members of such associations or societies are expelled from membership wrongfully is when property rights are involved.

The courts cannot interfere with the social relations of such societies. Upon questions of doctrine and policy and the conditions or qualifications of membership the society is the sole and exclusive judge.

To the rules or by-laws of the order the members agree. The conditions of their membership rest upon such by-laws or rules. If one is wrongfully expelled his remedy is within the society if any exists, unless by such expulsion any property or contractural rights acquired by reason of his membership are affected, in which case he may resort to the civil courts under certain conditions. An examination of the authorities cited in the case above referred to shows that in each case some civil or property right was involved. Many of the cases were in mandamus for restoration of the member, which was refused, the court saying the remedy was an action for damages. Some were cases in which damages were sought for the alleged unlawful expulsion and the recovery was limited to the injury to the property right involved. In each case a property right was involved.

A contract of insurance for "sick or death benefits" is such a property right as will support an action for unlawful expulsion, or suspension.    See Grand Lodge, Knights of Pythias, v. Waldeck Lodge No. 136, K. of P., 60 Ill. App. 550; also Wellenvoss v. Grand Lodge, Knights of Pythias of Kentucky, 103 Ky. 415, 45 S. W. Rep. 360, 40 L. R. A. 488, where the court refused mandamus to compel the lodge to receive Wellenvoss into its body as a member finding no property right involved. Also Rigby

v. Connol, L. R. 14 Chan. Div. 482, Lawson v. Hewell, 118 Cal. 613, 50 Pac. Rep. 763.

Some courts distinguish between unincorporated and incorporated societies, holding that in the latter cases the court exercises supervision over them because they operate under charters granted by the State defining their powers. In this case the defendant is alleged to be a corporation, but we do not mean by this reference to agree to the distinction.

We have examined other cases holding that a right of action for damages exists in such circumstances even where no property right is affected, holding that injury to the "feelings" is the basis of the court's jurisdiction. Many of the authorities cited in those cases in support of such doctrine show that the real basis of the court's interference was injury to a property right. We have found no case where a property right was not affected in which the court gave any reason for the doctrine or discussion of the proposition.

We think that the foundation of the court's jurisdiction is the right of property vested in the member of the society and of which he is unjustly deprived by unlawful expulsion. There is no jurisdiction to decide upon the right of persons to associate together where the association possesses no property. Persons do frequently associate together for one purpose or another. It may be for social intercourse, religious purposes, scientific or literary pursuits or for pleasure, without any property in common at all. In any such case if a member is expelled, requested to resign or denied fellowship, on what ground may the courts interfere? Because two or more persons associate for pleasure or mental, moral or religious improvement or social intercourse decline to asso-

ciate with certain others, members of the same society, is no ground for an action for damages against them in behalf of the offended individuals if they have taken umbrage.

The question of agreements to oust the court of jurisdiction is not involved where members of a voluntary beneficial association agree to discliplinary decisions by officers or committees of their orders where there is no civil or property right involved.

The declaration in this case alleges that there were property rights involved, that the plaintiff was unlawfully expelled and that he has applied for reinstatement or redress within the lodge and it has been denied. The demurrers therefore were properly overruled.

The demurrer to the second and third pleas of the defendant was sustained. These pleas presented the defense that the plaintiff had not exhausted the remedies afforded him by the laws of the order for the redress of his grievances. We do not agree with counsel that the plea does not set up any law applicable to the case, nor that it is either repugnant or insensible.

The plea in substance avers that the plaintiff had refused to appeal to the Grand Lodge for any redress, and set out a by-law which clearly provides that the action of the subordinate lodge and the Grand Chancellor may be reviewed by the Grand Lodge if the case is presented to it by filing a record of the case ten days before the next convention with the Grand Keeper of Records and Seal. This can not be construed to mean that if the action of the local lodge and Grand Chancellor complained of occurred less than ten days before the next Grand Lodge Convention, then in that case the aggrieved one would

be denied all remedy. Nor do we think that the by-law is limited to such cases in which there has been a trial of the member in due form. He was expelled without trial; that is his case. It could be presented to the proper tribunal within the order. There is practical unanimity of authority upon the proposition that an expelled member should first exhaust the remedies within his order before resorting to the courts even where property rights may be involved by reason of membership in the order, where the organization owns common property, or the members hold endowment policies or sick benefit certificates. The right to enjoy the property or receive the benefits depends upon membership held in the organization according to its rules, it is incident to membership. If an effort is made to expel a member and the rules prescribed for such proceedings were not followed by the local lodge or committee or particular officer having the matter in charge and the rules provide for a remedy against such illegal order of expulsion, the member should follow his remedy in his own order before resorting to the civil courts. See Oliver v. Hopkins, 144 Mass. 175, 10 N. E. Rep. 776; Karcher v. Supreme Lodge, Knight of Honor, 137 Mass. 368; Zeliff v. Grand Lodge of New Jersey Knights of Pythias, 53 N. J. L. 536, 22 Atl. Rep. 63; See Note, 49 L. R. A. 379; Chamberlain v. Lincoln, 129 Mass. 70; Harrington v. Workingmen's Benevolent Ass'n, 70 Ga. 340; Grand Lodge. Knights of Pythias v. Waldeck Lodge No. 136, K. of P., *supra;* See Note, 52 L. R. A. 806; People *ex rel.* Keefe v. Women's Catholic Order of Forresters, 162 Ill. 78, 44 N. E. Rep. 401; McGuinness v. Court Elm City, No. 1, Forresters of America, 78 Conn. 43, 60 Atl. Rep. 1023.

The evidence supported the plea. There is no contention that the plaintiff made any appeal to the Grand

Lodge for redress and such procedure seems not to be incumbered with unnecessary burdens of labor or· expense.

The demurrer to the second and third pleas should have been overruled. The contention is made that a rule, or by-law of a beneficiary organization which requires its members to seek redress in the tribunals of the order before appealing to the civil courts is an attempt to oust the ordinary courts of their jurisdiction and such by-law is therefore void and of no binding force upon the aggrieved member. But this is an action for damages resulting from an alleged wrongful expulsion of the plaintiff from membership in the order. The basis of his action, the thing that gives him any standing at all in court is that such disciplinary decision· affects an alleged property right of his acquired by reason of his membership in the order. He seeks compensation for loss of his membership and the measure of that compensation is the value of his alleged property rights. His membership is held under terms of his own making because the organization is a voluntary one. The by-laws of the order alone constitute the letters patent or charter of rights among the members. The so-called relation thus established between persons are relations of which the law takes no notice, but leaves all questions arising thereunder to the rules or regulations of the organization made by the members themselves for their own discipline or the internal economy of the order, unless some civil or property right is involved. See 19 R. C. L. 1224-1224; Lawson v. Hewell, *supra*.

The rule is generally recognized that where one is expelled from a beneficial association he must exhaust his remedy in the association before he can appeal to the

.. ..: either for reinstatement or damages for expulsion. See 49 L. R. A., Note 379.

There seems to be some conflict in the decisions upon this question, but it is more apparent than real. The distinction lies in cases where a question of discipline is presented and where a claim is made to money due on a contract. In the latter cases the right to resort to the courts to coerce payment is not abridged by the right of appeal from a lower to a higher tribunal of the society as conferred by its laws and rules. Where the pleadings and evidence show that the expulsion of the member was ordered by the society after a trial which did not conform to the rules of the order, or in violation of a contract contained in a certificate of insurance, a different case is presented from that in which the defense is made that the plaintiff has not exhausted his remedy in the lodge. The defense in this case is, even if the subordinate lodge was wrong and the Grand Chancellor in error, the plaintiff could as a member of the society appeal to the Grand Lodge for redress or reinstatement to membership. If in that case he obtained a reversal of the order he was restored to membership with all its privileges; but if the order of expulsion should be affirmed he could then resort to the courts where the question would rest not upon the merits of the case, but upon the regularity of the proceedings resulting in expulsion.

The judgment is reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.