BARKDULL, Judge.
This cause involves the propriety of a circuit judge exercising his chancery powers to enjoin disciplinary proceedings in a voluntary association. The appellants are members of the Professional Ethics Committee, South Florida Chapter No. 24, American Institute of Real Estate Appraisers. This is a national voluntary association, and the appellee is a member of this association. The association’s regulations contain certain provisions for conducting hearings to discipline members for alleged violations of its rules, regulations or code of ethics. The regulations also provide that a party disciplined shall have the right to appeal any such finding to the National Association and, even if the party disciplined does not take an appeal, there is automatic review.[1]
Informal charges, in accordance with the regulations, were brought against the ap-pellee by the appellants [constituting the appropriate Committee of the local Chapter of the Institute], These were followed by a 20-day notice of formal proceedings. *232 Thereafter, the appellee sought more specific charges of which he was duly advised.[2] On the date originally set for hearing, he filed his complaint seeking to enjoin the proceedings, which was met by an answer. The facts not being in dispute, the trial court, upon final hearing, granted the appellee’s motion for judgment on the pleadings and a permanent injunction enjoining the appellants from proceeding further with disciplinary proceedings against the appellee.
The trial court’s voluminous order found that the charges were vague and indefinite; that the proceedings were not being conducted in accordance with the regulations of the Institute and, further, that a particular regulation of the parent Institute was invalid.[3] The appellants urge, primarily, that the trial court should not have interfered with the internal disciplinary actions of a voluntary association, citing the following authorities; Grand Lodge, Knights of Pythias of Florida v. Taylor, 79 Fla. 441, 84 So. 609; Harper v. Hoecherl, 153 Fla. 29, 14 So.2d 179; La Gorce Country Club v. Cerami, Fla.1954, 74 So.2d 95; Smith v. Merriott, 130 Md. 447, 100 A. 731. The appellee responds that a chancery court is authorized to interfere in disciplinary proceedings, citing the following authorities: La Gorce Country Club v. Cerami, supra; Needelman v. Dade County Medical Association, Fla.App.1967, 205 So.2d 17; Swital v. Real Estate Com’r, 116 Cal.App.2d 677, 254 P.2d 587; O’Brien v. Matual, 14 Ill.App.2d 173, 144 N.E.2d 446.
We are in accord with the law cited by the appellee to sustain the ruling of the trial judge. And, if the association or organization involved in the instant proceeding were one of a quasi-judicial or administrative agency of the State, we would not hesitate to affirm the action of the trial judge. Or, if the actions being taken by an association or agency should result in the disciplined member being prevented from engaging in his chosen profession or occupation in this State, we would not hesitate to affirm the action of the trial judge. However, this cause does not involve such an association or agency. The Institute involved in the instant proceeding is a mere voluntary organization, and the appellee will not be prohibited from practicing his chosen occupation or profession by virtue of any disciplinary action that might ultimately be taken by the Institute. We therefore hold that it was error for the trial judge to interfere with disciplinary action being taken by a voluntary association against a member, until such time as the member had exhausted the avenues of appeal provided for him within the regulations of the Institute. This view comports with the general authorities on this subject, as found in: Grand Lodge, Knights of Pythias of Florida v. Taylor, supra, 79 Fla. at page 456; 84 So. at page 613:
* * * * * *
“The rule is generally recognized that, where one is expelled from a beneficial association, he must exhaust his remedy in the association before he can appeal to the courts either for reinstatment or damages for expulsion.”
******
*233 3 Fla.Jur., Associations and Clubs, § 7, at page 188:
* * * * *
“A member of a voluntary association or society who is wrongfully expelled has a remedy in the courts only if some property or contractual rights acquired by reason of his membership are affected, and even in such cases he must first exhaust his remedies within the organization. * * * ”
******
7 C.J.S. Associations § 25, at page 65:
******
“Where an association under its rules suspends or expels a member, such member must ordinarily resort to and exhaust the remedies provided by .the association under its constitution and bylaws before applying to the courts for relief. * * * "
******
Also see: Harper v. Hoecherl, supra.
As indicated by the footnotes in the earlier portion of this opinion, it is apparent that the Institute provided a form of notice, a reasonable opportunity to be heard, and an adequate review prior to the ultimate effect of any disciplinary action. With such being available to the appellee,[4] the judicial machinery of the State should not have been activated until such time as the appellee had exhausted his rights available under the Institute which he had voluntarily joined.
In view of what has been said above, this cause will be remanded to the trial judge, with directions to dismiss the complaint without prejudice to the appellee to raise any alleged deficiencies in the rules, regulations or by-laws of the Institute in any appropriate judicial proceedings, subsequent to the exhaustion of the procedures for review available within the Institute in the event he should be disciplined by the appellants.
Reversed and remanded with directions.

. “6.70. GENERAL PROCEDURAL PROVISIONS GOVERNING HEARINGS — INFORMAL AND FORMAL”
“6.71 Whenever the Chapter Committee determines to initiate an inquiry or investigate the business conduct of a Member, whether on its own motion or pursuant to written complaint, it may invite the Member to an informal hearing upon the subject matter of the inquiry, investigation, or complaint. In such instances the Committee shall 'in writing notify the Member, at least 10 days prior to the hearing date, and specify the subject matter of the informal hearing and the documents, if any, he is to supply to the Chapter Committee.
“After the conclusion of an informal hearing, the Chapter Committee shall, within 30 days, determine whether (1) the investigation should be discontinued, (2) the complaint dismissed, or (3) to issue an Admonishment or Reprimand if accepted by the Member as provided in 6.73.”
“6.81 Prior to a formal hearing on the Chapter Committee’s own motion, it shall in writing, by registered mail bearing a post-marked date at least 20 days prior to the date set for hearing, of the particulars of the charge, and of the Articles of the Code of Ethics, By-Laws, and/or Regulations he is alleged to have violated, and inform him that he must file an answer with the Committee at least 10 days prior to the hearing date.”
“6.91 If the Chapter Committee takes or recommends disciplinary action, the party aggrieved may, within 30 days after the postmarked date of notice of the decision of the Chapter Committee, petition for leave to appeal to the National Committee. An appellant shall forward to the Institute the sum of $100, which will be retained to defray expenses incurred by the National Committee.”
“6.103 The National Committee upon receiving a recommendation of Suspension or Expulsion contained in any decision of a Chapter Committee shall review the case in the same manner as an appeal as provided for under 6.98 and 6.99.”

. These were not furnished within 20 days of the scheduled hearing, but these specifics did not constitute any new charges to the appellee; further, it is apparent that the Committee intended to continue the hearing and that the appel-lee had a right to request a continuance.

. “6.893 The Chairman and members of the Committee may examine and cross-examine parties and witnesses at any formal hearing. All parties may be present while any witness is testifying and shall be afforded an opportunity to cross-examine any adverse witness. To preserve the orderliness of the proceedings, a party desiring to cross-examine an adverse witness shall direct his questions to the Chairman, either orally or in writing, who shall thereupon direct the questions to the adverse witness. At the request of any party; no more than one adverse witness shall be allowed in the hearing room at the same time.”

. Compare La Gorce Country Cub v. Cerami, supra; State ex rel. Barfield v. Florida Yacht Club, Fla.App.1958, 106 So.2d 207.