QUINCE, Judge.
The eighteen appellants, all past and/or present officers or trustees of the Fraternal Order of Eagles (FOE), seek reversal of the trial court’s order granting the appellees, all members of the FOE who were expelled, a temporary injunction. The appellants were enjoined from enforcing the expulsion order entered by the FOE’s Grand Tribunal. We reverse the order of the trial court with instructions to dissolve the temporary injunction because the appellees have no property interest in this fraternal organization.
*173 There is no doubt that the Fraternal Order of Eagles is a fraternal organization. The appellees were members of this fraternal group. They were expelled for reasons relating to their failure to dissolve and cease activities in an auxiliary formed to contest certain actions of the FOE. A complaint and request for a temporary injunction were filed in the circuit court. After a hearing on the matter, the court entered an order enjoining the appellants from acting on their expulsion decision.
The Supreme Court of Florida has held where no property interest is involved, the courts will not interfere with the decisions of fraternal organizations with regard to its grievances absent fraud or bad faith. McCune v. Wilson, 237 So.2d 169 (Fla.1970); State ex rel. Placeres v. Parks, 120 Fla. 615, 163 So. 89 (1935); Grand Lodge K. of P. of Florida v. Taylor, 79 Fla. 441, 84 So. 609 (1920). Absent a property interest, the governing body of a private social organization is the final arbiter of the sufficiency of cause for expulsion. La Gorce Country Club v. Cerami, 74 So.2d 95 (Fla.1954); Everglades Protective Syndicate, Inc. v. Makinney, 391 So.2d 262 (Fla. 4th DCA 1980).
Our review of this record demonstrates, despite assertions to the contrary, appellees have no property right to be protected. Additionally, we find there has been no showing of either fraud or bad faith by the appellants. Where no property rights are involved and where no fraud or bad faith exists, the courts cannot interfere with the social relations of such societies. Grand Lodge K. of P. v. Taylor, 84 So. at 612. Therefore, the trial court erred in granting appellees’ request for a temporary injunction.
This case is remanded to the trial court for entry of an order dissolving the temporary injunction and dismissing the complaint. See Taite v. Bradley, 151 So.2d 474 (Fla. 1st DCA 1963).
RYDER, A.C.J., and CAMPBELL, J., concur.