P. H. DAVIDSON, APPELLANT, vs. THE STATE, EX REL. JAMES BANKS, APPELLEE.

Leave to file an information in the nature of a *quo warranto* may be granted for the purpose of determining the right of contending parties to exercise an office or franchise pertaining to a private corporation created for benevolent purposes.

Appeal from the Circuit Court for Escambia county.

The facts of the case are stated in the opinion.

*J. D. Thompson* for Appellant.

The Constitution of Florida, Article 4, Section 27, provides, that " the Legislature shall provide for the election by the people, or appointment by the Governor, of all State, county or municipal officers not otherwise provided for by this Constitution, and fix their duties and compensation." The Legislature in carrying out this provision of the Constitution has provided for the appointment of such officers, and have prescribed certain pre-requisites and qualifications ; such as taking an oath of office, and that they shall be entitled to just so much compensation, and that it shall be extortion for any officer to charge any more than the prescribed fee or salary.

The appellant now contends that the position of President of the Stevedore's Benevolent Association is not such an office or franchise as can be reached or inquired into by information in the nature of a *quo warranto.* It is not such an office or franchise as the Attorney General is limited to prosecuting for. The Attorney General is limited by statute in this State to bringing his suit for an office. Vide McClellan's Digest, page 846, sections 1, 2 and 3. In construing the provisions of a statute or Constitution care must be had to the intention of the law makers. In the Raleigh and Gaston R. R. Co. vs. Reid, 13 Wallace, 269-70, the Supreme Court of the United States says, that " when a statute or Constitution limits a thing to be done in a particular mode, it includes a negative of any other mode." Reasoning from the language here used, we say that when a statute or Constitution limits itself to the doing of a particular thing it includes a negative of any other thing. It is not necessary that the statute should expressly prohibit the At-

torney General from bringing his suit for an office, or such franchise as the public are interested in, because as is said by Denio, C. J., in the People vs. Draper, 15 N. Y., 532, 543 544, " I do not mean that the power must be expressly inhibited, for there are but few positive restraints. Every positive direction contains an implication against anything contrary to it which would frustrate or disappoint the purpose of that provision." Vide. also Potter's Dwarris on Statutes, page 64.

Having now discussed the power and right of the Attorney General under our statutes, and assuming that we have reached the conclusion that he is limited to cases where an office is in question, we next inquire what is an office such as to come within the scope of a *quo warranto* information? An office such as to properly come within the legitimate scope of a *quo warranto* information may be defined as a public position, to which a portion of the sovereignty of the country, either legislative, executive, or judicial, attaches for the time being, and which is exercised for the benefit of the public. Vide High's Ex. Legal Remedies, section 625 ; United States vs. Lockwood, 1 Penny's Wis., 359.

There are three tests to be applied in determining whether an information will lie to test the incumbent's right to exercise the office. These are first, the source of the office ; second, its tenure ; and third, its duties. The source of the office should be from the sovereign authority, either by charter or legislative enactment, its tenure should be fixed and permanent, and its duties should be of a public nature. Vide High's Ex. Legal Remedies, section 626. Applying these tests, the information will lie for the office of guardian of the poor, which is of a public character, created by statute and entrusted with the performance of public duties. And applying the same standard, it will be refused

for an office in a private association of a purely eleemosy-
nary character, where the office or position partakes neither
of a public or quasi-public nature.   Vide High's Ex. Le-
gal Remedies, section 626.   Regina vs. Hampton, 13 L. T.
R. N. S., 431 ; Regina vs. Guardians of the poor, 17 Ad.
and E. N. S., 149.   In passing upon a very similar ques-
tion to this our own Supreme Court, in the State *ex rel.*
Attorney General vs. Jones, 16 Florida, 306 to 311, inclu-
sive, say : " While we think it clear that a pilot is not an
officer within the meaning of the Constitution, still he is
invested with powers and privileges which do not apper-
tain or belong to every citizen.   In this country, and under
our institutions, such rights, privileges and powers as these,
invested by law in the citizen, being of a public nature ap-
pertaining to commerce and exercised by virtue of legisla-
tive grant, are franchises."

This court, therefore, has clearly drawn and defined the
line of demarkation, and the limit to which the courts of
this State may go in applying the remedy of *quo warranto.*

The line of distinction here drawn, is that the franchise
(if such it is) must be such an one as the public are not
only nominally but substantially interested in.   Now we
ask what interest has the public in a benevolent society
other than to make it conform to the laws of the commu-
nity where they may chance to exist, as any other private
individual.   There is no period of office fixed by law, no
qualification fixed by law, no duty that the President of
such an institution is bound to perform, other than such as
his society may prescribe.   Then where is the interest
of the public ?   Franchises are immunities and privileges in
which the public have an interest as contradistinguished
from private rights, and cannot be exercised without au-
thority from the sovereign power.   Vide the People vs.
The Utica Insurance Co., 15 John., 387 ; The People *ex rel•*

Kemer *et al.* vs. Ridgeley *et al.*, 21 Ill., page 66. So the jurisdiction of the courts ceases here. Unless the case be such as the public are interested in, and one in which there is the attempted exercise of an office, or use of a franchise without authority of law, the jurisdiction of the court does not attach.

*S. Belden* on the same side

*S. R. Mallory* for the Relator.

THE CHIEF-JUSTICE delivered the opinion of the court.

Respondent, the relator, filed an information in the nature of a *quo warranto* in the Circuit Court for Escambia county against appellant, on leave of the Attorney General, to try the right of appellant to hold the office of President of Stevedore's Benevolent Association No. 2, a corporation organized under the laws of this State, at Pensacola. Relator alleges that he is the rightful President of the Association, duly elected according to its laws, and that appellant has unlawfully usurped said office, and is performing the functions and franchises thereof to the exclusion and the damage of the relator, who is entitled to exercise the said functions and franchises.

Appellant demurred on the grounds, first, that the information did not present a case for the interference of the court. Second, that the court was without jurisdiction. Third, that the Attorney General could not sue except in cases involving the right to a public office.

The court overruled the demurrer, and issue having been joined the cause was tried by the court and judgment of ouster was rendered against appellant and that relator was entitled.

Appellant says the judgment on the demurrer sustaining

the jurisdiction is erroneous and prays a reversal of the final judgment.

This case was substantially decided in State vs. Jones, 16 Fla., 306, where the court said "a pilot is not an officer within the meaning of the Constitution, still he is invested with powers and privileges which do not appertain or belong to every citizen." This is a franchise. " When such franchises are granted, and in order to their exercise qualifications are prescribed, the exercise of such franchises by a person not having the requisite qualifications is a usurpation." The·information in that case was sustained.

The propriety of an information in the nature of a *quo warranto* as a remedy for an unlawful usurpation of an office in a merely private corporation was formerly involved in some doubt, but the question may now be regarded as settled in this country. Tested by the principles underlying the jurisdiction in question, an intrusion into an office of a merely private corporation may in this country be corrected by information with the same propriety as in cases of public or municipal corporations, since in both cases there is an unfounded claim to the exercise of a corporate franchise, amounting to a usurpation of the privilege granted by the State. Indeed, the intrusion into a corporate office, created for the government and exercise of the franchise, cannot in principle be distinguished·from a usurpation of the franchise itself. High's Ex. L. Remedies, secs. 653, 654, 655, and authorities cited, where the whole question is discussed and illustrated. The cases of officers of banks, insurance companies, churches and other·like incorporations of a private nature in which the jurisdiction is maintained in the adjudications referred to, are directly decisive of the question here.

But it is urged that by the statute the right of the Attorney General to file or authorize the information is confined

to cases in which public officers are involved. This is a misapprehension of the object of the statute. Its purpose is to regulate the proceedings in certain aspects and to prescribe the effect of judgments in certain cases. It neither creates nor limits the right of the Attorney General or of private persons to institute the proceedings, as such right existed before the act of February 2, 1872, (ch. 1374.)

The judgment is affirmed.