CHARLES H. KETCHAM, TREASURER OF THE VILLAGE OF HIGHLAND PARK, v. ROBERT WAGNER.

[See 88 Mich. 653.]

*Officers—Municipal corporations—Detaching territory.*

Under Act No. 324, Local Acts of 1891, which attached the greater portion of the territory of the village of Highland Park to the city of Detroit, and which provided for the collection of the taxes for 1891 on the detached territory the same as if the act had not passed, the treasurer of said village, who resided in the detached territory, was not expressly or impliedly retained in office, and *mandamus* will lie to compel him to deliver the books, papers, and money in his hands as such treasurer to his legally elected successor.

*Mandamus.* Argued February 2, 1892. Granted February 10, 1892.

Relator applied for *mandamus* to compel the delivery to him of the books, papers, and money in respondent's hands as former treasurer. The facts are stated in the opinion, and in *Attorney General v. Highland Park*, 88 Mich. 653.

*H. E. Spalding*, for relator.

*J. W. Robbins* and *Frank B. Leland,* for respondent.

PER CURIAM. The validity of the organization of the village of Highland Park, and of the election at which relator was elected, was passed upon by this Court in *Attorney General v. Village of Highland Park,* 88 Mich. 653.

The respondent was not retained in office by section 8, Act No. 324, Local Acts of 1891. That section provided that the collection of taxes on lands in the territory annexed to Detroit for the year 1891 should not be affected by the act, but should be collected as if the act had not passed. The duties of treasurer, under this section, could as well be performed by the relator as by the respondent. It was not, therefore, necessary to retain respondent in office for the purpose of collecting the taxes. He was therefore neither expressly nor impliedly retained in office.

The relator is entitled to the writ as prayed for.

The respondent has, however, acted in good faith, and is entitled to retain out of the money in his hands sufficient to defray the expense incurred by him in this litigation, which is hereby fixed at the sum of $75.