ASHWELL *v.* BULLOCK.

TITLE TO OFFICE—MANDAMUS—QUO WARRANTO.
When an office is already filled by an actual incumbent, exercising the functions of the office *de facto* and under color of right, *mandamus* will not lie to compel him to turn over the books and papers pertaining to the office to one who disputes his title; *quo warranto* being the proper remedy.[1]

*Certiorari* to Wayne; Frazer, J. Submitted December 12, 1899. Decided January 23, 1900.

*Mandamus* by William H. Ashwell to compel Fred C.

[1] As to *mandamus* to compel surrender of office, see note to *Stevens* v. *Carter*, (Or.) 31 L. R. A. 342.

Bullock to turn over to relator the books and papers pertaining to the office of secretary of the school board of the village of Highland Park. From an order denying the writ, relator brings *certiorari*. Affirmed.

*Clifton D. Gordon, Henry B. Graves,* and *Charles H. Hatch (H. H. Hatch,* of counsel), for relator.

*F. L. Brooke* and *Rowland M. Connor,* for respondent.

MOORE, J. In July, 1899, the school board of Highland Park consisted of Trustees Thorpe, Kneale, Ketcham, Davison, Langdon, and Bullock. The last named was secretary of the board. An election was held July 10, 1899, to elect trustees in the place of Davison, Langdon, and Bullock, whose terms expired. At that election Davison, Ashwell, and Voorheis received more votes than did their opponents. July 19th the old board held a meeting, when Davison, Ashwell, and Voorheis all tendered their acceptance of the office of trustee. The board received the acceptance of Davison, but declined to receive the acceptance of either Ashwell or Voorheis, for the reason that, at the time of the election, their names did not appear upon the assessment roll, and it was claimed they were not eligible to the office of trustee. The old board then adjourned. Kneale, Ketcham, Bullock, and Langdon on the same day held a meeting, and elected officers. Bullock was re-elected secretary, and has continued to hold the books and papers pertaining to the office, claiming to be the legally-elected secretary. On the 17th of August, Thorpe, Davison, Ashwell, and Voorheis held a meeting, and elected Ashwell secretary. On the 15th of September he made a demand for the books and papers pertaining to the office upon Bullock, who refused to deliver them to him. He then petitioned the Wayne circuit court for a writ of *mandamus* to compel the delivery of the books to him. The court denied his petition, and this is a proceeding to review the action of the circuit judge by means of a writ of *certiorari*.

It was the claim of the petitioner that, at the time of the election, he and Voorheis both had property liable to assessment, and that the failure of the assessing officer to assess them did not render them ineligible to the office. The circuit judge was of the opinion that the title to an office was involved, and that a writ of *mandamus* was not a proper remedy. It is urged upon the part of relator that the circuit judge was in error, and that, where a public officer is *prima facie* entitled to an office, a writ of *mandamus* is the proper remedy to compel his predecessor to deliver up the books and papers pertaining to the office; citing High, Extr. Leg. Rem. §§ 73, 74; *Ketcham v. Wagner*, 90 Mich. 271; *Huntley v. Finley*, McGrath, Mand. Cas. No. 1180. It is apparent from the statement of the case already made that not only does the respondent claim to be secretary of the board, but he also claims that the relator is not only not secretary of the board, but that he is not a member of the board, for the reason that he was not eligible to an election as a member of the board; so that not only is his title to the office of secretary questioned, but his title to the office of trustee. It is also clear that, if Ashwell and Voorheis were not eligible to be elected trustees, then Ashwell could not be elected secretary. The inquiry involves, not only the title to the office of secretary, but also an inquiry into the titles of Voorheis and Langdon, neither of whom is before the court, to the office of trustee. Under such a condition, the rule is as follows:

"In determining the extent to which the courts may properly interfere by *mandamus* with questions relating to the title to and possession of public offices, it is necessary to recur to an important principle, frequently asserted throughout these pages, and which may be properly termed the controlling principle governing the entire jurisdiction by *mandamus*. It is that, in all cases where other adequate and specific remedy exists at law for the grievance complained of, the writ of *mandamus* is never granted. Applying this principle to cases where relief has been sought to determine disputed questions of title to and possession of public offices, the courts have almost

uniformly refused to lend their aid by *mandamus*, since the remedy by information in the nature of a *quo warranto* is justly regarded as the most appropriate and efficacious remedy for testing the title to an office, as well as the right to the possession and exercise of the franchise. And the rule may now be regarded as established by an overwhelming current of authority that, when an office is already filled by an actual incumbent, exercising the functions of the office *de facto* and under color of right, *mandamus* will not lie to compel the admission of another claimant, or to determine the disputed question of title. In all such cases, the party aggrieved, who seeks an adjudication upon his alleged title and right of possession to the office, will be left to assert his rights by the aid of an information in the nature of a *quo warranto*, which is the only efficacious and specific remedy to determine the questions in dispute. And whenever it is apparent, on the face of the pleadings, that the issue presented involves a determination as to the person properly elected to an office or entitled to exercise its functions, the writ of *mandamus* will be withheld." High, Extr. Leg. Rem. § 49.

See, also, *People* v. *Common Council of Detroit*, 18 Mich. 338; *School Dist. No. 8 of Tallmadge* v. *Root*, 61 Mich. 373; *Pariseau* v. *Board of Education of Escanaba*, 96 Mich. 302.

The only decisions of our court which are apparent exceptions to this rule are *Lawrence* v. *Hanley*, 84 Mich. 399, and *Ketcham* v. *Wagner*, 90 Mich. 271. The first of these cases was one where the chairman of the board of auditors applied for a *mandamus* to compel the sheriff to return to him books and papers belonging to the board of auditors. A reading of the case shows that the sheriff had no business with the books, which were lawfully in possession of Mr. Lawrence when taken from him. The court used the following language:

"This would dispose of the matter at present before us, but it does not settle the question really in issue. We deem it for the public good, the case being to us so clear, to decide here and now the question of the right to the office as between Collins and Leteker. This is not usual in *mandamus* proceedings, *quo warranto* being

in most cases the most appropriate proceeding to test the right to hold an office; but the exigencies of the case, as we view it, and the public interest, demand that the question shall be speedily determined, which cannot be done by *quo warranto*. And when a person in office *de jure et de facto* is interfered with by one whose lack of title is plain, and governed by adjudicated cases in our own courts, it is not only proper, but best, to settle the question by *mandamus*. * * * We think the title to this office is clearly ruled by *People* v. *Lord*, 9 Mich. 227. There was no vacancy occasioned by the death of Nagel that the governor could fill by appointment."

In the case of *Ketcham* v. *Wagner*, the opinion shows the question of the title to the office was not involved, the court holding that the respondent was neither expressly nor impliedly retained in office, and therefore had no right to retain the books and papers. Whatever may be said of these cases, it is very clear the case before us is not taken out of the rule. We think the circuit judge made a proper disposition of the case.

Affirmed.

The other Justices concurred.