STATE EX REL. J. L. BURKE, TREASURER, v. COMMISSIONERS OF BESSEMER CITY.

(Filed 25 May, 1908.)

1. Title to Office—Procedure—Mandamus.
    Title to office cannot be determined by *mandamus.*

2. Mandamus — Town Commissioners — Bond, Acceptance and Approval—Ministerial Duties.
    A *mandamus* will only lie against the town commissioners to compel the consideration of a bond offered by the town treasurer, and not to compel them to accept and approve it, the commissioners being individually liable in taking one which they knew or should have known was insufficient.

3. Quo Warranto—Officer Inducted—Tender of Bond—Judgment Revoked—Procedure.
    When an officer is in office by virtue of a judgment in *quo warranto* proceedings, and it is contended that he has not tendered a proper bond, he cannot be ousted, except when, upon application to the court, the judgment of induction is revoked for his failure to do so.

ACTION heard by consent by *Ferguson, J.,* at chambers in Charlotte, 27 September, 1907, from GASTON.

Defendants appealed.

*C. E. Whitney* and *S. J. Durham* for plaintiff.
*Burwell & Cansler* and *A. G. Mangum* for defendants.

CLARK, C. J.   This is a *mandamus* to compel the town commissioners of Bessemer to reinstate the relator in the office of town treasurer, from which he had been removed by them, and to approve the bond tendered by him.   The court, without passing upon the prayer to compel reinstatement, ordered the defendants to "accept and approve" the bond tendered.

The facts of this controversy are set out in the *quo warranto* proceedings—*Burke v. Jenkins, ante,* 25 (which are hereby referred to and made a part of this case), in which it was adjudged that the relator was not entitled to recover said office.   This proceeding, therefore, has no longer any purpose. It is proper to observe, however:

1. That title to office cannot be determined upon a *mandamus.   Ellison v. Raleigh,* 89 N. C., 125; *Brown v. Turner,* 70 N. C., 93; *Howerton v. Tate,* 66 N. C., 231.

2. That, unless the title to the office is uncontested or has been adjudged on a *quo warranto,* a *mandamus* cannot issue as to the bond, and even then it cannot require the defendants to "accept and approve" the bond.   It can only require them to act, not compel their judgment, because they are individually liable if they take a bond known, or which should be known, by them to be insufficient.   *Buckman v. Commissioners,* 80 N. C., 121; *Harrington v. King,* 117 N. C., 117; *Barnes v. Commissioners,* 135 N. C., 38; *Glenn v. Commissioners,* 139 N. C., 419.   A judgment for plaintiff on a *quo warranto* compels his admission to office.   The *mandamus* lies to compel the consideration of the bond then tendered by him, not its acceptance.   Should it be factiously rejected, that matter can be shown in proceedings for *mandamus,* and possibly by action for damages against the factious board. In the meantime the officer is in office by virtue of the judgment, and can be again ousted only upon application to the

court to revoke its judgment of induction for his failure to tender a proper bond. The judgment herein was premature and unauthorized.

Reversed.