W. E. Swoope, as Mayor-Commissioner of New Smyrna, Florida, and M. L. Fuller, *Appellants*, v. The City of New Smyrna, Florida, a Municipal Corporation, and N. Casper Silvers and George W. Abbott, City Commissioners of New Smyrna, Florida, *Appellees*.

Division B.

Opinion filed December 18, 1929.

*Hull, Landis & Whitehair*, for Appellants;

*Walter G. Park; Scarlett, Jordan, Futch & Fielding*, and *Stewart & Stewart*, for Appellees.

BUFORD, J.—The appellees were complainants in the court below and exhibited their bill seeking to enjoin Swoope as Mayor-Commissioner of the City of New Smyrna, Florida, from recognizing M. L. Fuller as city auditor and clerk of the city of New Smyrna and to enjoin and restrain Fuller from acting, or pretending to act, as city auditor and clerk of the city of New Smyrna.

The bill alleged that Mathews was the duly and lawfully appointed city auditor and clerk of the city of New Smyrna and was entitled to have delivered to him the corporate seal of the said city of New Smyrna, together with the books, records, papers and property pertaining to the office of city auditor and clerk of the said city; that he had made demand on Fuller for such property and for the surrender of the office of city auditor and clerk, but that Fuller refused to comply with such request and continued to act as city auditor and clerk without authority of law.

A temporary restraining order was granted. Bond was given complying with the terms of the order and thereupon writ of injunction was issued. The bill was filed on the 31st day of October, 1928, before the judge and was filed in the office of the clerk of the circuit court on November 1st, 1928. The writ was issued on November 1st, 1928. The order was made October 31st, 1928, and was entered on the same day in Chancery Order Book No. 41, on page 12. The defendants filed their entry and notice of appeal on the 3rd day of November, 1928, and the same was entered on the same day in Chancery Order Book No. 41, page 14.

The only question needful to be determined here is whether or not injunction is the proper remedy to be invoked in a case of this character.

The rule is well established in this State that when there is no question about the right to an office mandamus will lie to compel one who has occupied the office to deliver the

insignia and incidents of the office to his duly appointed or elected successor. State v. Johnson, 30 Fla. 433, 11 So. R. 845; State ex rel. Attorney General v. Johnson, 35 Fla. 2, 16 So. R. 786, 31 L. R. A. 357.

In McDonald et al. v. Rehrer et al., 22 Fla. 198, this Court, dealing with a case very much like the one at bar, speaking through Mr. Justice VAN VALKENBURG, say:

"But a single question is presented by the pleadings, that is, have the complainants sought their remedy in the proper court? Can the question raised be reached by a court of equity, or should they have proceeded in a court of law through the instrumentality of an information in the nature of a *quo warranto?*

The bill shows the fact that the defendants were elected to the several offices of mayor, councilmen, clerk and marshal of the town of Eustis, at a meeting of certain citizens held on the 29th day of December, 1883.

A temporary injunction was granted on the 22nd day of May, 1884, consequently the officers were such *de facto* at that time. The counsel for appellees, in his argument, says that there is nothing in the bill that recognizes any such corporation either *de jure* or *de facto*. The bill names the several defendants upon the ground that they purport to be officers of the town of Eustis. It gives the notice for a public meeting required by the statute. It then alleges that the meeting was held pursuant to said notice, on the 29th December, 1883, at which thirty-one residents were present, 'who thereupon proceeded to incorporate the town, and at the same meeting, pretended to elect' the officers named as defendants. More than four months after this election the injunction order was granted on motion of the complainants. The affidavit of complain-

ants upon which this order was granted by the court alleges that 'they, the defendants, have been attempting to exercise authority as officers of the town of Eustis, greatly to the injury of complainants, and pray that your honor would issue a temporary injunction restraining,' etc. In High's Extraordinary Legal Remedies, Sec. 619, it is said: 'Where, however, the right to an office or franchise is the sole point in controversy the specific legal remedy afforded by proceedings in *quo warranto* is held to oust all equitable jurisdiction of the case. Thus, the legality of the election of trustees of an incorporated association, and their consequent right to exercise the functions pertaining to their office, and to conduct the affairs of the corporation, will not be determined by bill in chancery, such a case being regarded as appropriately falling within the jurisdiction of the common law courts by proceedings in *quo warranto*. And since this remedy is applicable the moment an office or franchise is usurped, an injunction will not lie to prevent the usurpation, even though the respondent has not yet entered upon the office or assumed to exercise its functions. In such case the party aggrieved should wait until an actual usurpation has occurred, and then seek his remedy in *quo warranto*.'

In the case of Updegraf et al. v. Crans, 47 Pa. St. 103, the court held that 'a bill in equity for an injunction to restrain borough officers from entering upon official duties, under an alleged illegal appointment of town council, will not lie, though they had not exercised or attempted to exercise the duties of their offices; the remedy is at law by *quo warranto*, to be invoked *after* entry into, or exercise of authority under their appointment.' See also Hullman et al. v. Hon-

comp, 5 Ohio St. 237; The People v. Clark, 70 N. Y. 518.

It is said in High on Injunctions, Sec. 1235, 'that courts of equity do not entertain jurisdiction over corporate elections for the purpose of determining questions pertaining to the right or title to corporate offices since such questions are properly cognizable only in courts of law, the appropriate remedy being by proceedings at law in the nature of a *quo warranto*. Nor is the fact that relief is claimed upon the ground of fraud sufficient to warrant a departure from the rule, or to justify a court in such case in granting relief by injunction.' "

In Gentry-Futch Company v. Gentry, 90 Fla. 595, 106 So. R. 473, the Court say:

"Ordinarily, an information in the nature of *quo warranto* may be resorted to for the purpose of determining the right of contending parties to exercise an office or franchise, not only of a public nature, but also of a private corporation.

Where there is an adequate remedy at law by *quo warranto*, or information in the nature of *quo warranto*, a court of equity can not in the absence of statute, or some ground of equitable jurisdiction to which such relief is germane or incidental, assume jurisdiction to declare an election void or remove or enjoin officers."

The record in the instant case does not present a cause warranting the invocation of equitable relief, as there exists a clear, adequate and complete remedy at law. The order appealed from is reversed and the cause remanded with directions to dismiss the bill of complaint.

It is so ordered.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in opinion and judgment.