State, *ex rel.* Domingo Enrique Placeres, Joaquin Alvarez Herreha and Ramon Gonzalo Sobero, v. L. L. Parks, Circuit Judge of the 13th Judicial Circuit in and for Hillsborough County, Florida, Andres Santana, Antonio Cueto, Rogelio Berdeal, Orden Caballero de la Luz, a Corp., and Jose Manuel Pita as Supreme Luminer of the Order Caballero de la Luz, a Corp.

163 So. 89.

Opinion Filed August 1, 1935.

Petition for Rehearing, Denied September 12, 1935.

616

*Zewadski & Pierce,* for Petitioners;

*Caraballo, Graham & Caraballo,* for Respondents.

ELLIS, P. J.—This is a controversy which has arisen between officers of a fraternal and benevolent organization incorporated in Florida under the statute for the incorporation of organizations not for profit. The controversy is over the right of certain persons occupying certain offices in the Corporation to retain such offices and the paraphernalia and supplies pertaining to the same against the demands of certain other persons for the surrender to them of the offices and all furniture, supplies, paraphernalia, stationery and other properties rightfully appertaining to such offices and now in possession of those persons who refuse to surrender.

The Circuit Judge issued an alternative writ of mandamus requiring the respondents, who were named Domingo Enrique Placeres, Joaquin Alvarez Herrera and Ramon Gon-

zalo Sobero, to deliver to the relators, who were named Jose Manuel Pita, Andres Santana, Rogelio Berdeal and Antonio Cueto, all insignia of rank and other personal property formerly held by the respondents, also all books of accounts, minute books and a typewriter, a desk, and a mimeograph, or show cause why they refuse to do so.

The court overruled a motion of the respondents to quash the alternative writ.

That order was made on December 6, 1934, and on the 17th day of that month the respondents in the mandamus proceeding, Placeres, Herrera and Sobero, applied to this Court for a writ of prohibition to prohibit Honorable L. L. Parks, Judge of the Thirteenth Judicial Circuit for Hillsborough County, from proceeding with the further hearing and determination of the mandamus action.

The name of the Corporation is the "Orden Caballero de la Luz," and it was named in the alternative writ of mandamus as one of the relators.

Judge Parks answered the *rule nisi,* which was issued on the petition for a writ of prohibition, by stating that he was willing to do whatever was in accord with right and justice in the cause. A return was made by the Society or Corporation and Pita, as Supreme Luminar of the Society, and Santana, Cueto and Berdeal. It was averred in the return that the applicants for the writ of prohibition had been suspended from their offices in the Grand Lodge of the Society and as members of it by the action of Jose Manuel Pita, Supreme Luminar of the Society, and such suspensions had been approved by the Supreme Executive Council of the Society; that the respondents in the mandamus proceeding rested their defense upon averments of fact not maintainable by proof and conclusions of law which were not justified; that the respondents applied for

the writ of prohibition before the relators had time to reply to the return of the respondents in the mandamus action and while that action was pending in the Circuit Court; that the Circuit Court has jurisdiction to determine the question involved in the mandamus case, which was whether certain persons who were in possession of certain personal property by reason of having occupied positions or offices in a fraternal order or society, should when they are removed from such official positions by superior authority within the Order, be required to surrender to their successors the insignia and properties of the Order appertaining to the offices from which they were removed.

It is averred that the Society or fraternal Order called the "Orden Caballero de la Luz" is a voluntary, fraternal and social organization whose government is divided under its charter and Constitution into three branches, which are the Supreme Lodge, two subordinate Grand Lodges and numerous subordinate Lodges and Chapters; that the Supreme Lodge is the head of the Order and is invested with legislative, executive and judicial power and is a court of last resort within the Order and its decisions are final; that the Supreme Luminar is the official head and Supreme Executive of the Order and in such capacity is charged with imposing discipline, disposing of charges against grand lodges and with compelling compliance by the Grand Lodges with the fundamental and general laws of the Order; that such officer is charged with the duty of carrying out the resolutions of the Supreme Lodge, and is vested with the powers of the Supreme Lodge when that body is not in session.

It is averred that Jose Manuel Pita in the exercise of the powers vested in him by the charter and laws of the Order as Supreme Luminar by a decree made by him in October,

1934, suspended from membership in the Order Domingo Enrique Placeres as Grand Luminar, Joaquin Alvarez Herrera as Grand Secretary, and Ramon Gonzalo Sobero as Grand Vice Treasurer; that the Supreme Executive Council, after due notice to the parties, approved the action of the Supreme Luminar and issued its decree of suspension, and that all such proceedings were within the powers, rules and regulations of the Order and that upon such action the right of the suspended members of the Order to retain possession of the property of the Order appertaining to the offices from which they were suspended ceased.

In reply to that return the petitioners moved for an absolute writ of prohibition. The point made is that the relators in the mandamus proceeding are seeking to try the title to an office which is not the function of mandamus; that quo warranto is the proper remedy.

The Society called the "Orden Caballero de la Luz" is a benevolent and fraternal organization and has been incorporated under the laws of this State as a Corporation not for profit.

It seems to be conceded by the petitioners for the writ of prohibition in their brief that where there is no question about the right to an office, where there is no question of title involved, mandamus is the proper remedy to compel one who has occupied the office to deliver the insignia and incidents of the office to his duly appointed or elected successor. They cite Swoope v. City of New Smyrna, 98 Fla. 1082, 125 South. Rep. 371; 26 Cyc. 255; Searing v. Clark, 69 N. J. L. 609, 55 Atl. Rep. 690; Ashwell v. Bullock, 122 Mich. 620, 81 N. W. Rep. 577; Burke v. Commissioners, 148 N. C. 46, 61 S. E. Rep. 609; Matney v. King, 20 Okl. 22, 93 Pac. Rep. 737; State v. Martin, 55 Fla. 538, 46 South. Rep. 424; Davidson v. State, 20 Fla. 784; McSween v.

State Live Stock Sanitary Board of Florida, 97 Fla. 750, 122 South. Rep. 239, 65 A. L. R. 508, and other cases.

But the question in this case is will prohibition lie against the judge of the Circuit Court to prevent his proceeding in the mandamus case on the ground that such is in reality one to try title to certain offices in the order and that quo warranto and not mandamus is the remedy.

That argument cannot be maintained because in the showing which has been made there is no justiciable question presented as to the right to hold the offices mentioned, or the title thereto.

The society is a benevolent and fraternal organization. It has no illegal object. It is a mere voluntary association of people for social intercourse and moral improvement. There is no right of property involved. The respondents in the mandamus action merely set up, or attempts to do so, a claim to the rights, privileges and immunities of the offices formerly held by them because the Order has not proceeded in accordance with its regulations and powers to deprive them of their functions and privileges as such officers.

That, however, is a matter which touches no public interest, affects no private right secured by the laws of the land, but is regulated, controlled, directed and finally determined within the Society by its own legislative, judicial or executive machinery, and to which the members by voluntary agreement assent and have set up and to which they must assent and abide its functioning. If there are grievances they must be settled within the Society by its own methods and such decisions are final where no private property rights are involved.

The principle is decided in the case of Grand Lodge K. of P. v. Taylor, 79 Fla. 441, 84 South. Rep. 609.

In that case the Court definitely committed itself to the doctrine, in the fact of many conflicting decisions from other jurisdictions, that the ground of interference by the Civil Court, where members of such Associations or Societies are expelled from membership wrongfully, is *when property rights* are involved. "The courts cannot interfere with the social relations of such societies. Upon questions of doctrine and policy and the conditions or qualifications of membership the society is the sole and exclusive judge." The question here presented therefore is decided upon the authority of that case. So the absolute writ of prohibition is denied and the application dismissed.

WHITFIELD, C. J., and BUFORD, and DAVIS, J. J., concur.