DOMINGO ENRIQUE PLACERES, *et al.,* v. STATE, *ex rel.* ANDRES SANTANA, *et al.*

170 So. 709.
Division B.
Opinion Filed November 18, 1936.

*Zewadski & Pierce,* for Plaintiffs in Error;

*Caraballo, Graham & Caraballo,* for Defendants in Error.

PER CURIAM.—This is the second appearance of this case in this Court. See State, *ex rel.* Domingo Enriques Placeres, *et al.,* versus Parks, Circuit Judge, *et al.,* 120 Fla. 615, 163 Sou. 89.

As is indicated in the opinion above referred to, the case was then before us on application for prohibition. The case is now before us to review judgment awarding peremptory writ of mandamus. In the opinion above referred to we said:

"But the question in this case is, will prohibition lie against the Judge of the Circuit Court to prevent his proceeding in the mandamus case on the ground that such is in reality one to try title to certain offices in the order and that quo warranto and not mandamus is the remedy.

"That argument cannot be maintained because in the showing which has been made there is no justiciable ques-

tion presented as to the right to hold the offices mentioned, or the title thereto.

"The society is a benevolent and fraternal organization. It has no illegal object. It is a mere voluntary association of people for social intercourse and moral improvement. There is no right of property involved. The respondents in the mandamus action merely set up, or attempt to do so, a claim to the rights, privileges and immunities of the offices formerly held by them because the Order has not proceeded in accordance with its regulations and powers to deprive them of their functions and privileges as such officers.

"That, however, is a matter which touches no public interest, affects no private right secured by the laws of the land, but is regulated, controlled, directed and finally determined within the Society by its own legislative, judicial or executive machinery and to which the members by voluntary agreement assent and have set up and to which they must assent and abide its functioning. If there are grievances they must be settled within the Society by its own methods and such decisions are final where no private property rights are involved.

"The principle is decided in the case of Grand Lodge K. of P. v. Taylor, 79 Fla. 441, 84 South. Rep. 609.

"In that case the Court definitely committed itself to the doctrine in the face of many conflicting decisions from other jurisdictions, that the ground of interference by the Civil Court, where members of such Associations or Societies are expelled from membership wrongfully, is *when property rights are involved*. 'The courts cannot interfere with the social relations of such societies!' "

It appears that the respondents in the court below after the judgment in this Court above referred to, attempted to

come within the rule laid down in that opinion by filing an amendment in behalf of the defendants, Herrera and Sobero, that they were entitled to receive $200.00 and $20.00 per year, respectively, as Grand Secretary and Grand Vice-Treasurer of the Order and averred that same constituted a property right or interest in the named defendants.

We do not think that this allegation is sufficient to show such a property right in the defendants as to bring them within the exception referred to in the opinion, a part of which is above quoted. The alleged property right appears to be only one which may obtain by reason of the continuation in the office. Therefore, it is no more than a claim of a right and privilege of the offices formerly held by them and is not one which they may enforce in mandamus proceedings without first having complied with the rule stated in the former opinion that their right to the office must be established within the Society by the methods and decisions of the Society.

For the reasons stated, the judgment should be affirmed upon authority of the opinion above referred to and it is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., concurs in the opinion and judgment.

BROWN, J., not participating.

DAVIS, J. (specially concurring).—I think that where a corporation not for profit has been organized under Sections 6495 C. G. L., 4499 R. G. S., *et seq.,* that mandamus will lie in the name of the corporation and its officers to compel subordinate officers who have been removed from office by corporate action to surrender to the corporation's governing authority all books, records and paraphernalia of the corporation that may have theretofore come into their

possession by reason of their election or appointment as corporate officers in the first instance, it being the legal duty of the removed or suspended officers to surrender the corporate property in their possession and thereupon such redress within the corporation with reference to the title to their officers, where the charter, as in this case, contemplates that corporate officers can be removed in certain instances.

Where the power to suspend or remove exists, the actual exercise of such power, whether rightful or not, imposes on the affected officer the legal duty to surrender to his superior authority all corporate records and property that he ceases to have any right to legally retain absent his official status, the office and the books, records and paraphernalia of it being governed by different considerations in cases like this.