McLANE, Associate Judge.
This case is upon appeal from an order ^granting appellees-defendants’ motion for summary final decree. The appellants-petitioners as officers and members of the Most Worshipful Union Grand Lodge of the Most Ancient and Honorable Fraternity of Free and Accepted Masons of Florida and Jurisdiction, Inc., P. H. A., instituted declaratory proceedings against one Rudolph Bradley in which said fraternal organization hereinafter referred to as the Grand Lodge, was permitted to intervene. The controversy concerns the election of Bradley to the office of Grand Master of the Grand Lodge at the 1962 meeting. The appellants dispute the qualifications of Bradley to hold the office as well as quarrel with the procedure under which he was elected.
In his order granting summary final decree the court assumed, without deciding, he had jurisdiction to review the decision of the Grand Lodge sustaining the election of Bradley.
We believe that the chancellor should have first considered whether or not the court had jurisdiction to inquire into the merits of the controversy solely concerned with the internal affairs of the fraternal organization. Had the trial judge considered the jurisdictional aspects we think he would have concluded, as we do, that the cause should be dismissed for lack of jurisdiction.
Predicated upon very sound reasoning, courts ordinarily will not interfere to settle differences between a labor union or other voluntary association and its members. Membership being entirely a matter of personal choice, those who affiliate are bound to adhere to the association’s rules, decisions, and procedures. (Harper v. Hoecherl, 153 Fla. 29, 14 So.2d 179). The principle is equally applicable to a dispute questioning the right of a member to hold office within a fraternal order. Resort may be had to judicial supervision where a property right is involved. (Grand Lodge K. P. of Florida v. Taylor, 79 Fla. 441, 84 So. 609). The lower court correctly concluded no property right was adversely affected. Mere payment of salary and expenses to the defendant Bradley does not constitute a property right of the appellants in the Grand Lodge.
Our examination of the record fails to demonstrate any reason for the court to supervise the affairs of the Grand Lodge as an exception recognized by decisions of this state. See: Grand Lodge K. P. of Florida v. Taylor, supra; Harper v. Hoecherl, supra; State ex rel. Barfield v. Florida Yacht Club, Fla.App., 106 So.2d 207; State ex rel. Placeres v. Parks, 120 Fla. 615, 163 So. 89.
The absence of jurisdiction must result in reversal of the cause with directions to the chancellor to dismiss the amended complaint.
Reversed.
WIGGINTON, Acting C. J., and RAWLS, J., concur.