## MURRAY v. FLORIDA HIGH SCHOOL ACTIVITIES ASSOCIATION, Inc., et al.
### No. 68-7800
Circuit Court, Dade County.

July 9, 1968.

Richard J. Hays, Miami, for plaintiff.

Harry C. Duncan, Gainesville, for defendants.

HAL P. DEKLE, Circuit Judge.

This cause coming on to be heard upon the motion to dismiss of defendants, Florida High School Activities Association, Inc. and Robert M. Moloney, as principal of Miami Palmetto Senior High School, argument of counsel having been heard, and the court being advised of its judgment in the premises, finds as follows —

There is no dispute between the parties as to the facts and issues involved.

Defendant, Robert M. Moloney, as principal of Miami Palmetto Senior High School, is obligated to enforce the by-laws of defendant, Florida High School Activities Association, Inc., including those referred to in the complaint and he is therefore a proper party defendant, and venue of this cause is properly laid in Dade County.

By-law, or rule, 20-5-1 of defendant, Florida High School Activities Association, Inc., deals with limits of eligibility for inter-scholastic athletic competition and provides in effect that each student shall be eligible to complete in inter-scholastic competition for only four consecutive years from the time he enters the ninth grade. Plaintiff, Timothy Murray, having entered the ninth grade in September, 1964, was declared ineligible for inter-scholastic competition for the school year 1968-1969.

This court takes judicial knowledge of the fact that there are only a limited number of students who can compete in inter-scholastic athletic competition and that such rule of eligibility has the effect of giving a greater number of students an opportunity to participate in such inter-scholastic athletic competition, and prevents "red shirting".

Such rule pertains to the internal affairs of the athletic association and the courts have consistently refused to inquire into the merits of controversies solely concerned with the internal affairs of voluntary associations unless a property right is involved (Grand Lodge K. P. of Florida v. Taylor, 79 Fla. 441), or a clear allegation and convincing proof, if the case reaches that stage, of fraud or bad faith, mistake, collusion or arbitrariness. (Sult v. Gilbert, 148 Fla. 31, 3 So.2d 729; State v. Florida Yacht Club, Fla., 106 So.2d 209; Taite v. Bradley, Fla., 151 So.2d 474; Vol. 3, Fla. Jur., *Associations and Clubs,* §7; 6 Am. Jur. 2d, *Associations and Clubs,* §27, page 453.)

In Morrison v. Roberts, 183 Okla. 359, 82 P.2d 1023, a senior brought an action for writ of mandamas to review an order of the board of control of Oklahoma High School Athletic Association declaring him ineligible to participate in athletic contests for a year for having accepted an award in contravention of a rule of the association. In refusing to grant the writ the court said —

> But so long as these member schools, including the Holdenville School, desire to attach all of these many conditions, limitations, and restrictions on their "eligibles", then surely they should be permitted to do it so far as the courts are concerned. There is nothing unlawful or evil in any of those rules nor in the provision resting the final authority in the Board of Control. Surely the schools themselves should know better than anyone else the rules under which they want to compete with each other in athletic events. And doubtless everyone of these rules is founded upon reasons wholly satisfactory to the member schools. And if the officials of various high schools desire to maintain membership in the association, and to vest final rule enforcement authorities in the Board of Control, then, so far as affects the affairs of the association, the court should not interfere.

All of the following cases held that the courts have no jurisdiction to interfere in the internal affairs of a voluntary high school athletic association — Robinson v. Illinois High School Association, 45 Ill. App. 2d 277, 195 N.E.2d 38 (1963); State, ex rel. Ohio High School Athletic Association v. Judges of the Court of Common Pleas, 173 Ohio St. 239, 181 N.E.2d 26 (1962); State, ex rel. Indiana High School Athletic Association v. Lawrence Circuit Court, 240 Ind. 114, 162 N.E.2d 50 (1959); Tennessee Secondary School Athletic Association v. Harvey Reid Cox, by next friend, R. F. Cox and v. Judgson Newman, by next friend, (consolidated cases) 425 S.W.2d 597.

The right to participate in high school athletics is a mere privilege and not a legally recognized right. (Storkey v. Board of Education of Davis County School District, 14 Utah 227, 381 P. 2d 718 (1963); State, ex rel. Indiana High School Athletic Association v. Lawrence Circuit Court, supra; Morrison v. Roberts, supra.

In Storkey v. Board of Education of Davis County School District, supra, the court said —

> We have no disagreement with the proposition advocated that all students attending school should be accorded equal privileges and advantages. But the participation in extracurricular activities must necessarily be subject to regulations as to eligibility. Engaging in them is a privilege which may be claimed only in accordance with the standards set up for participation. It is conceded, as plaintiff insists, that he had a constitutional right, both to attend the school and to get married. But he has no "right" to compel the Board of Education to exercise its discretion to his personal advantage so he can participate in the named activity.

The rule involved is of general application and the allegations of the complaint are insufficient as a basis for setting such rule aside for plaintiff, Timothy Murray. The court concludes that the controversy is solely concerned with the internal affairs of the Florida High School Activities Association, Inc. and that the allegations are insufficient to demonstrate that there is any exception recognized by decisions of this state justifying this court retaining jurisdiction to supervise such affairs of the athletic association. The absence of jurisdiction should result in dismissal of the cause (Taite v. Bradley, Fla., 151 So.2d 474).

It appears from the pleadings and arguments of counsel that plaintiff has fully stated his case and no useful purpose would be served by permitting the filing of an amended complaint.

It is therefore ordered, adjudged and decreed as follows — (1) The motion to dismiss is denied as to grounds 1 and 2 of the motion (relating to privilege to be sued in Alachua County). (2) The

motion to dismiss is granted on the remaining grounds set forth therein and the complaint filed herein be and the same is hereby dismissed with prejudice to plaintiff.