237 So.2d 169 (1970)
Marion C. McCUNE, Petitioner,
v.
J.I. WILSON, As Chairman, and Earl Keefer, Frank J. Anderson, Gordon H. Moyer, Jr., Charles W. Foglesong, William B. Smith, and Harry D. Fleming, Jr., As Members of the Professional Ethics Committee, South Florida Chapter No. 24, American Institute of Real Estate Appraisers, Respondents.
No. 38709.
Supreme Court of Florida.
June 17, 1970.
Rehearing Denied July 17, 1970.
*170 E.F.P. Brigham, of Brigham & Brigham, and Darrey A. Davis, of Scott, McCarthy, Steel, Hector & Davis, Miami, for petitioner.
G. David Parrish, Welsh & Carroll, and Horton & Schwartz, Miami, for respondents.
ADKINS, Justice.
We issued writ of certiorari under F.A.R. 2.1, subd. a(5) (b), 32 F.S.A. to review the decision of the District Court of Appeal, Third District, 222 So.2d 230, which conflicts with the other appellate decisions in this State concerned with the nature of memberships and interests in nonpublic organizations which are entitled to protection by the courts. The District Court decision reversed the opinion of the Circuit Court of Dade County, and approved disciplinary proceedings undertaken against petitioner.
This case arose when respondents, members of the Professional Ethics Committee of South Florida Chapter No. 24, of the American Institute of Real Estate Appraisers, a nonprofit foreign corporation chartered in Illinois, initiated disciplinary proceedings against petitioner McCune. Petitioner sought an injunction in the Circuit Court against continuation of the proceedings against him.
After pleadings, the Circuit Court concluded that the Chapter is a professional organization and not a purely private social club, that as a professional organization it must observe due process and fairness required by Florida law in its disciplinary proceedings, and that the Ethics Committee failed to adhere to fair standards set out in its own procedural regulations in acting against petitioner in that the Committee failed to give fair and adequate notice, failed to give notice of charges with adequate particularity, and otherwise failed to provide a fair and impartial hearing. The Circuit Court held that due to these procedural due process defects, the Ethics Committee and the Chapter lacked jurisdiction to proceed with the case against petitioner on the charges made.
The District Court of Appeal reversed, with one Judge dissenting, and held that the Chapter is not a professional organization in which due process requirements must be observed. The dissenting judge concluded that the Institute is a professional organization which must observe due process standards of fairness and that the trial court's decision should be affirmed. The majority of the District Court stated:
"[I]f the association or organization involved in the instant proceeding were one of a quasi-judicial or administrative agency of the State, we would not hesitate to affirm the action of the trial judge. Or, if the actions being taken *171 by an association or agency should result in the disciplined member being prevented from engaging in his chosen profession or occupation in this State, we would not hesitate to affirm the action of the trial judge. However, this cause does not involve such an association or agency. The Institute involved in the instant proceeding is a mere voluntary organization, and the appellee will not be prohibited from practicing his chosen occupation or profession by virtue of any disciplinary action that might ultimately be taken by the Institute." (page 232)
As this language makes clear, it is the view of the District Court that before judicial relief will lie, the breach of due process or the unfairness must be one involving a state agency, or if a private agency must be such as to result in prohibiting the individual from earning a living.
This standard is in conflict with rules announced in prior decisions by courts of this State.
In Grand Lodge K. of P. of Florida v. Taylor, 79 Fla. 441, 84 So. 609 (Fla. 1920), this Court said that although no cause of action exists at law for expulsion from a voluntary beneficial society, the courts will offer redress if such expulsion deprives such member of a property right. Accord, Taite v. Bradley, 151 So.2d 474 (Fla.App. 1st, 1963).
In Sult v. Gilbert, 3 So.2d 729 (Fla. 1941), this Court recognized additional grounds. The Court held that courts would not intervene in disciplinary actions of an organization against a member "unless some civil or contractual right is involved." (p. 731) The Court noted that judicial review will not lie to protect "natural" or political rights, within private organizations.
In State ex rel. Barfield v. Florida Yacht Club, 106 So.2d 207 (Fla.App.1st, 1958), the First District Court examined the nature of private organization which would or would not justify judicial intervention. Said that Court:
"There is a valid distinction between those institutions such as trade unions, professional associations or trading exchanges and like organizations, affecting a person's right to earn a living on one hand, and private social clubs on the other. Certain conduct, which might not justify expulsion from some other type of association, where membership is a condition to earning a livelihood, or essential to the enjoyment of a contract or property right, may justify expulsion from a private social club." (Emphasis supplied) (p. 209)
"We agree that the courts should leave to the members of a private social club or to the proper board to which the members have lawfully delegated that power, the right to determine whether the action of a member has been such that, in the opinion of such Board, it would interfere with the pleasant, friendly and congenial social relationship between the members. In the absence of a clear allegation and convincing proof, if the case reaches that stage, of fraud or bad faith, the action of the members or duly delegated board should not be reviewed by the courts." (Emphasis supplied) (p. 211)
The standards enunciated by the First District Court in this case, of impact on rights of contract or property, or of fraud or bad faith, were cited in Murray v. High School Activities Association, Inc., 31 Fla. Supp. 66, affirmed without opinion by the District Court of Appeal, Third District, 213 So.2d 642 (Fla.App.3rd, 1968).
See also Needelman v. Dade County Medical Association, 205 So.2d 17 (Fla. App.3rd, 1968) in which the Third District invalidated the expulsion from membership of a doctor from a nonprofit, private medical association, on grounds the doctor was entitled to a fair hearing before action was taken.
*172 The posture of the law is, then, that this Court in Grand Lodge, supra, concluded that deprivation of property rights without due process would justify judicial intervention in the action of a private organization to expel a member, and in Sult v. Gilbert, supra, the range of interests was expanded to include contract as well as property rights. The First District Court, following similar reasoning in Taite, supra, then in Yacht Club, supra, concluded that judicial intervention also would be permitted in cases of fraud or bad faith on the part of the organization. The Third District Court adopted a view in Needelman, supra, which appears to permit judicial intervention without complete prohibition of opportunity to earn a living; adopted the views of the First District Court, in affirming Murray, supra, and in fact went beyond to include mistake, collusion or arbitrariness [stated in the Circuit Court's opinion], then in the case at bar adopted the much more restrictive view that judicial relief can be granted only where a person is denied opportunity to practice his occupation or profession.
We disagree.
Professional organizations, although voluntary in nature, often attain a quasi-public significance. In public view, membership in such organizations may appear to be a tangible demonstration of professional competence and skill, professional responsibility, and acceptance by one's professional peers. The fact that an individual member expelled from membership may not be prohibited from practicing his chosen occupation or profession is not a sufficient test to determine whether he needs and is entitled to judicial protection from unfair proceedings or arbitrary actions. When a voluntary association achieves this quasi-public status, due process considerations come into play. Such is the policy of the judicial decisions and statutes of this State.
Disciplinary action against a member of a professional organization, although falling short of expulsion from occupation, may have an import which transcends the organization itself because it conveys to the community that the disciplined member was found lacking by his peers. For this reason, it is suitable and proper that an organization, whether a domestic or foreign non-profit corporation, or a nonchartered nonprofit association, be held to reasonable standards of due process and fairness, especially those inherent in its own by-laws, rules or customs.
While the courts should be loathe to intervene in purely private organizational matters, nonintervention is not justified where a quasi-public organization takes action and imposes penalties which carry the odor of public sanctions. It is clear that not all private associations must observe due process standards. However, such standards must be observed when a private association becomes quasi-public, assumes a public purpose of its own, incorporates and seeks the tax shelters and other protections of public law, or otherwise assumes a larger purpose or stature than pleasant, friendly and congenial social relationships.
The public policy underlying the Florida Statutes is in harmony with the standards herein affirmed. See § 617.10(2), F.S.A., which provides that if a person is an incorporator or member of a nonprofit corporation "before his membership shall cease against his consent he shall be given an opportunity to be heard, unless he is absent from the county where the corporation is located. * * *" Also see § 617.11 (3), which provides that a nonprofit corporation chartered out-of-state operating without a Florida permit "shall not be permitted to bring or maintain any suit or other proceeding before any court or administrative body of this state; but failure to obtain such permit shall not affect the validity of any contract with or conveyance by such foreign corporation." As this provision makes clear, the American Institute of Real Estate Appraisers or any other *173 foreign nonprofit corporation in Florida, if it fails to obtain a permit in Florida, may not maintain suit; however, the contract and property rights of persons with whom the corporation has transactions will be protected by the law.
We hold that a private organization, particularly if tinged with public stature or purpose, may not expel or discipline a member adversely affecting substantial property, contract or other economic rights, except as a result of fair proceedings which may be provided for in organization by-laws, carried forward in an atmosphere of good faith and fair play.
The decision of the District Court sub judice is quashed, and this case remanded to the District Court with instructions to affirm the judgment of the Circuit Court of Dade County.
It is so ordered.
ERVIN, C.J., ROBERTS and BOYD, JJ., and MOODY, Circuit Judge, concur.