ORFINGER, Judge.
The Florida Youth Soccer Association (Association) appeals the entry of a temporary injunction restraining it from disqualifying the youth team known as SEM 961 from playing in what is known as the Florida Cup Competition/Tournament; restraining it from disqualifying Seyed M. Moghaddam, a team member, for the tournament, and restraining it from disqualifying John Sheffield as coach of said team. We reverse.
In Sult v. Gilbert, 148 Fla. 31, 3 So.2d 729 (1941), a case involving the suspension of a high school from the Florida High School Athletic Association, the court held that courts would not take cognizance of a case arising out of the expulsion of a member of a voluntary association unless some civil or contractual right is involved, and that the loss of the right to play football games with other members of the association was not a contract or property right *5 such as would authorize the courts to interfere. In McCune v. Wilson, 237 So.2d 169 (Fla.1970) the court expanded the area of intervention • somewhat to include “other economic rights” “particularly if [the organization was] tinged with public stature or purpose” but it otherwise did not recede from the principles expounded in Sult v. Gilbert, supra. In Florida High School Activities Association v. Bradshaw, 369 So.2d 398 (Fla. 2d DCA 1979) in reversing a lower court injunction in a case remarkably similar to the case before us, the court held that neither a student nor the football team of which he was a member had any constitutionally protected right or privilege to participate in interscholastic sports activities, and that the court would not review the association’s determination that the school must forfeit two games because the team had used an ineligible player. The Second District observed:
We think it helpful to observe, parenthetically, that, likewise, Largo (not a party here) has no constitutionally protected right to its record of games won, its district championship, or the opportunity to participate in the state championship playoffs. We observe further that Largo, or the officials who represent Largo, have no constitutional duty to the Largo football team or any player higher than the contractual duty to declare the forfeiture of the two football games in question, a duty derived from Largo’s agreement with the Association as represented by the Association’s by-laws. Regents of U. of Minn. v. National Collegiate Athletic Association, 560 F.2d 352 (8th Cir.1977). If there is a need for a means of alleviating harsh results in cases such as that presented here, the appropriate mechanism is the Association’s by-laws, which can be changed through the initiative of member schools, including Largo.
369 So.2d at 403. See also State v. Florida Yacht Club, 106 So.2d 207 (Fla. 1st DCA 1958).
In sum, there is no constitutionally protected contract, property or other economic right implicated here. As such, we should not interfere with the Association’s interpretation and implementation of its own rules.
REVERSED.
DAUKSCH and COBB, JJ., concur.