ON MOTION FOR REHEARING
PER CURIAM.
Appellees urge us to reconsider our opinion, arguing that contractual rights are involved here, relying on McCune v. Wilson, 237 So.2d 169 (Fla.1970). We disagree. Only an interpretation of the rules of the appellant Association are involved here concerning the eligibility of a player. None of the appellees has been expelled from membership in the Association, but the law governing review of such expulsions is analogous here. Rosenberg v. American Bowling Congress, 589 F.Supp. 547, 550 (M.D.Fla.1984) summarized the applicable rule thusly:
It is well settled under Florida law, however, that the governing body of a private membership organization is the final arbiter of the sufficiency of causes for suspension of a member, and that courts may not properly conduct a collateral inquiry into the merits of such an organization’s decision to suspend a member. [Citations omitted].
We cannot say that the interpretation of the rules by the Association was arbitrary or unreasonable. The player disqualified was clearly ineligible.
The motion for rehearing is therefore DENIED.
DAUKSCH, ORFINGER and COBB, JJ., concur.